CASE 16—PETITION EQUITY—DECEMBER 22.

# Cleaver and wife vs. Kirk's heirs.

APPEAL FROM MARION CIRCUIT COURT.

The parent or grand-parent cannot, by a mere declaration of his intention, either make that an advancement which is not such by law, or exempt one of his children from liability to account for money or property he has given to him, with which the statute makes him chargeable. This he can only effect by a last will and testament, duly executed, disposing of the whole of his estate real and personal. (17 *B. Mon.*, 704.)

Cleaver and wife vs. Kirk's heirs.

A tract of land conveyed by a father to his daughter and her husband, in consideration, as recited in the deed, of one dollar and of the love and affection which he bore to them, although not intended to be charged as an advancement, *held* to be chargeable to the daughter, in the distribution of the estate of her father, who died intestate, as an advancement made to her by him in his lifetime.

WICKLIFFE & HILL, for appellants, cited 1 *Metcalfe*, 555.

ROUNTREE & FOGLE, for appellees, cited *Rev. Statutes, sec.* 17, *page* 426, *Stanton's edition*; 17 *B. Mon.*, 706; 1 *Metcalfe*, 580; 13 *B. Mon.*, 528; 9 *Dana*, 84; 8 *B. Mon.*, 598; 2 *Marsh.*, 596.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

James Kirk died in 1857, in the county of Marion, intestate, possessed of a considerable estate in lands, slaves, money, &c.; and this suit was brought by a portion of his heirs and distributees, against the other heirs and distributees, for a sale of the real estate and slaves for the purpose of making distribution.

James Kirk, in 1852, by deed conveyed to appellants 84 acres, 3 roods, and 23 poles of land, for the consideration, (as recited in the deed,) of one dollar, and the further consideration of the love and affection which he bore to him, the said David Cleaver and "his said wife Lucy, who is my daughter;" and the sole question presented by the record for the consideration of the court is, shall Mrs. Cleaver, in the distribution of her father's estate, be charged with the value of said tract of land as an advancement made to her by her father in his lifetime?

It is insisted, for appellants, that the son-in-law was induced by Mr. Kirk to sell the farm upon which he was residing, some distance from Kirk, and to purchase a tract of land adjoining him, at a high price—some seven dollars more in the acre than it was worth—and to remove to it for the gratification and comfort of the old gentleman, and upon the promise made by Kirk to him that he would convey to appellant, *David Cleaver*, a part of his home place adjoining the land which he purchased of David Hughes, and that Kirk promised him he should not be charged with the land as an advancement. In fulfillment of that promise, as Cleaver in his answer alleges, Kirk did make *him* a deed to the land, which he files as a part of his

answer, and adds: "which land he now owns and possesses, as a purchase, and not an advancement."

Cleaver and wife, in their answer, as a further evidence of the intention of James Kirk not to charge the land as an advancement, say that he kept a book in which he charged each one of his children with the advancements he made to them, and there is no charge upon said book against them for the value of the land. That book is copied in the record, and no charge appears against them for the land there.

The deposition of David Hughes is taken by Cleaver and wife, who proves that upon several occasions he had heard James Kirk say that he did not intend to charge Cleaver with the land conveyed to him, as he had purchased of witness the land at a very high price; and James Cleaver proves the same facts.

Appellants in their answer say, that the agreement of James Kirk was, that he would convey to "*Cleaver*" the land, and that he *did* convey it to *him;* but, upon an inspection of the deed, it is to "*Cleaver and wife,*" and the consideration is not recited in the deed to be on account of the loss Cleaver had sustained by the purchase of Hughes' land at an exhorbitant price, but it is for one dollar and for love and affection which he bears to Cleaver and his wife Lucy, who is his daughter. No allusion is made in the deed to the loss Cleaver had sustained by the sale of his farm and the purchase of Hughes' land, nor is the deed made to Cleaver alone, but the daughter of the grantor is a grantee in the deed, and the consideration is the affection of a father.

But, without further noticing the pleadings and proof, the language of the statute which governs this case is so plain, unambiguous, and we may add imperative, that its meaning cannot be misunderstood, or its mandates disobeyed.

By the 17*th section*, 30*th chapter*, *Rev. Statutes*, (1 *vol., page* 426, *Stanton's edition*,) it is provided, that "any real or personal property or money, given or devised by a parent or grandparent to a descendant, shall be charged to the descendant, or those claiming through him, in the division and distribution of the undevised estate of the parent or grand-parent, and such

party shall receive nothing further therefrom, until the other descendants are made proportionately equal with him, according to his descendible and distributable share of the whole estate, real and personal, devised and undevised."

This, and the two succeeding sections, were considered, and expounded by this court in the case of *Clarke vs. Clarke*, (17 *B. Mon.*, 704,) where the same question arose which is made in this case, and the court there held that "the parent or grandparent cannot, by a mere declaration of his intention, either make that an advancement which is not such by law, or exempt one of his children from liability to account for money or property he has given to him, with which the statute makes him chargeable. This he can only effect by a last will and testament, duly executed, disposing of the whole of his estate, real and personal."

The case of *Berry and others vs. Graddy, adm'r. of Belt*, (1 *Met.*, 555,) to which we have been referred, will, upon examination, be found to differ very materially from the case under consideration. In that case the intestate had agreed with Graddy, the husband of a favorite niece, that if Graddy would not remove from the State, and purchase a farm near him in Woodford county, he, Belt, would pay $5,000 of the purchase money. Graddy, who had made preparations to remove from the State, declined to do so, and actually purchased the farm in Woodford in consideration of the promise made to him by Belt. There was an agreement to pay for "*a valuable*," and, as the court say, a most meritorious consideration, to uphold the promise.

In the case under consideration the deed, which is the highest evidence of the intention of the parties and the true character of the transaction, expressly declares that it was in consideration of *love and affection*, &c.; the one dollar expressed as a part of the consideration being regarded as only nominal.

But, without further elaboration, we regard the question as decided by the case of *Clarke vs. Clarke, supra*, which opinion conforms to the language and spirit of the statute.

Wherefore, the judgment of the court below is affirmed.