## NATHANIEL C. KING *vs.* JOSIAH BURNHAM.

Essex. November 5. — 24, 1880. AMES & ENDICOTT, JJ., absent.

The Superior Court has power, under its rules, upon petition of a party to an action pending therein, and after notice to the adverse party, to order the record of a former action between the same parties to be completed, and the judgment therein made up and entered; the judgment, when so recorded, takes effect from the date of the original judgment; and it is within the discretion of the court to allow the plaintiff in the pending action, in whose favor the original judgment was rendered, to file an amended declaration therein, counting upon that judgment.

CONTRACT. Writ dated February 4, 1879. The declaration, as originally filed, was upon a promissory note for $130, dated September 3, 1863, signed by the defendant, and payable to the plaintiff or order. Answer, the statute of limitations. At March term 1880, the plaintiff was allowed to file an amended declaration upon a judgment recovered on October 19, 1869, by the plaintiff against the defendant, in the Superior Court of this county, in the sum of $177.79, damages, and $14.48, costs.

At the trial in the Superior Court, before *Gardner*, J., without a jury, the plaintiff put in an authenticated copy of a record of a judgment obtained by the plaintiff against the defendant, as stated in the declaration, on default, upon a promissory note of like tenor with the one declared on in this action.

It appeared by the records of the court that the judgment in the former action was not made up or entered, for the reason that the note declared on was not filed in the clerk's office within six months after judgment was ordered; that, in June 1879, the plaintiff brought a petition under the rules of the Superior Court, copies of which are printed in the margin,* setting

---

* Rule 41 is as follows: " In order to enable the clerk to make up and complete his records within the time prescribed, it always shall be the duty of the prevailing party in every suit forthwith to file with the clerk all papers and documents necessary to enable him to make up and enter the judgment, and to complete the record of the case; and if the same are not so filed within six months after judgment shall have been ordered, the clerk shall make a memorandum of the fact on the record; and judgment shall not be afterwards recorded, unless, upon a petition to the court, and after

forth the facts in the former action, and the default of the defendant, and that the record in that action had not been completed on account of the note not having been filed with the clerk; and asking that the record might be fully completed and judgment made up and entered by the clerk on filing a copy of the note (the original being lost) with the clerk, first giving the bond required in such cases; that an order of notice, with the petition annexed, issued to the defendant by order of court, and was duly served on the defendant; and after hearing at December term 1879, the prayer of the petition was granted, a copy of the note was filed with the clerk, with a duly approved bond, and the record in the former action was completed and judgment made up and entered in the manner aforesaid; that, thereupon, the plaintiff moved for leave to file an amended declaration in this action, declaring on said judgment, which motion, after hearing, the court allowed.

The defendant asked the judge to rule that, at the time this action was begun, there was no judgment on which the plaintiff

---

notice to the adverse party, the court shall order it to be recorded. And no execution shall issue until the papers are filed as aforesaid. And when a judgment shall be recorded upon such petition, the clerk shall enter the same, together with the order of the court for recording it, among the records of the term in which the order is passed, with apt references in the index and book of records of the term in which the judgment was awarded, so that the same may be readily found; and the judgment, when so recorded, shall be, and be considered, in all respects, as a judgment of the term in which it was originally awarded. And the party delinquent in such case shall pay to the clerk the costs of recording the judgment anew, and also the costs of the petition, and the costs of the adverse party, if he shall attend to answer thereto."

Rule 42 is as follows: "Whereas, the clerks, in keeping their records in books, according to the ancient usage in this Commonwealth, do sometimes begin to enter a judgment before they have all the papers necessary to complete the same, and thereupon leave a blank in the books to be afterwards filled up; it is ordered, that no such blanks be suffered to remain for more than twelve months after the end of the term at which the judgment was rendered; and if the clerk, after beginning to enter a judgment as aforesaid, shall be prevented from completing the record for want of any necessary papers, as mentioned in the preceding rule, he shall make a memorandum of the fact, as above directed, in the blank space so left in the book, so that no one can afterwards interpolate the judgment therein."

could maintain an action; and that the plaintiff could not re-cover on his amended declaration. But the judge refused so to rule; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*E. L. Barney & H. M. Knowlton,* for the defendant.

*J. C. Sanborn,* for the plaintiff.

GRAY, C. J. Under the rules of the Superior Court, the clerk indeed had no power, without a special order of the court, to make up and enter the judgment in the former action, unless the necessary papers were filed within six months after the judgment upon default. But the court had power, upon petition and after notice to the adverse party, to order the record to be completed, and the judgment made up and entered; and the judgment, when so recorded, took effect from the date of the original judgment. *Rugg* v. *Parker,* 7 Gray, 172. *Parker* v. *Rugg,* 9 Gray, 209. The present action having been commenced after that date, it was within the discretion of the court to allow the plaintiff to file an amended declaration therein, counting upon that judgment. Gen. Sts. *c.* 129, § 41. *Kendall* v. *Carland,* 5 Cush. 74. *Goodrich* v. *Bodurtha,* 6 Gray, 323.

*Exceptions overruled.*