McDermid v. Tinkham.

IRVING J. McDERMID *v.* CURTIS TINKHAM AND TRUSTEE.

*Amendments.*

When the declaration is in debt on judgment, and the amendments, in debt on *promissory notes* :—*Held,*
1. That the amendments present *other and different causes* of action than that originally declared upon, and, therefore, should be dismissed.
2. *Carpenter* v. *Gookin,* 2 Vt. 495, followed.

THIS case was heard at the December Term, 1879, POWERS, J., presiding. The plaintiff filed amended counts; and defendant moved to dismiss. The court overruled the motion to dismiss, and held the new counts to be a proper amendment to the declaration. No other question was passed upon. Pleadings : The original declaration contains but one count, and is in the common form in debt on a judgment, alleged to have been rendered in favor of the plaintiff against the defendant, by the Circuit Court, in a certain county in Wisconsin, on August 26, 1873, for $1440.30, debt or damages, and $55.20, costs, which said judgment is alleged to remain unsatisfied in the sum of $319.30. To this declaration the defendant seasonably pleaded, 1st, *nul tiel record ;* and, 2d, want of jurisdiction of the person of the defendant, alleging, among other things, that no service was ever made on him; that he was not present at said court when said judgment was rendered, and had no attorney to appear for him, &c.

The plaintiff thereupon filed eight new counts. The first declares on a judgment in all respects like the one declared on in the original declaration, except that it alleges that the judgment remains unsatisfied in the sum of $336.80; the second declares on six promissory notes, dated December 8, 1869, whereby it is alleged that defendant promised to pay plaintiff the sum of $1184, as follows, to wit ; $184 in one year from said last date, and $200 each year thereafter till all were paid, alleging that, of the said $1184, there was due the said sum of $336.80 ; the other six

counts declaring on said notes specially. There is no allegation that these notes, or any part of them, went in to make up either of the judgments declared on. To the first new count the defendant pleaded *nul tiel record*, and want of jurisdiction of the person of the defendant the same as to the original declarations; and moved to dismiss the other seven new counts, for that they were not for the same cause of action as that set out in the original declaration, but for other and different causes.

*Clarence H. Pitkin* and *A. S. Austin*, for plaintiff.

All the counts might have been joined in the original declaration. The case of *Downer* v. *Shaw*, 23 N. H. (3 Fost.) 125, is directly in point and covers the whole ground. The new counts are for indebtedness expressed in promissory notes; the original declaration is for the same indebtedness expressed in a judgment, or judicial decision that that indebtedness exists. It is no objection that the evidence of the indebtedness is not the same under the original declaration as under the new counts. A declaration upon a promissory note may be amended by adding a count upon an account stated. *Stevens* v. *Thompson*, 28 Vt. 77; and one containing only the common counts, by adding a count upon a parol submission and award, *Trescott* v. *Baker*, 29 Vt. 459, or by adding a special count against the defendant as surety on a promissory note. *Vaughan* v. *Rugg*, Vt. Sup. Ct. Gen. Term, 1879; 1 Chitty on Pl. 199–200; 2 Saund. 117 d–h; *The Union Cotton Manufactory* v. *Lobdell et al.*, 13 Johns. 462.

*J. W. Rowell*, for defendant.

While courts are inclined to allow amendments, yet one thing is always kept in view,—that the *cause of action shall not thereby be changed.* This question is often one of intent. If the court can see that it was the intention of the pleader to declare on a certain cause of action, an amendment will be allowed, to effectuate that intention. The rule is fully illustrated and applied in *Haskins* v. *Ferris*, 23 Vt. 673; and in *Trescott* v. *Baker*, 29 Vt. 459–463; but it is not to be extended beyond those cases. Here, it would seem, there can be no fair doubt that it was the intention

McDermid v. Tinkham.

of the pleader to do just what he did do,—declare on a judg-
ment, and on that alone. He took, and intended to take, the
judgment for what it was worth, and relied on it as his sole cause
of action. It is obvious that the idea of declaring on these notes
did not occur to the pleader until after the filing of the defend-
ant's pleas. He did not intend to declare on the notes, and did
not. The amendments are for different causes of action than that
originally declared on and ought to be dismissed.

The opinion of the court was delivered by

ROYCE, J. The only question presented by the exeeptions
arises upon the motion made to dismiss all the counts in the
amended declaration except the first. The first count in the orig-
inal and amended declaration was in debt upon a judgment. The
counts which the defendant claims should have been dismissed,
were in debt upon the promissory notes therein described. If
the cause of action declared upon in those counts was the same
as the one declared upon in the original declaration, the motion
was properly overruled; if for other and different causes of ac-
tion, upon the authority of *Carpenter* v. *Gookin*, 2 Vt. 495, and
other cases referred to on pages 27 and 28 of Roberts's Digest, the
motion should have been sustained. In *Green et al.* v. *Starr*,
decided at the January Term, 1880, of the Supreme Court in
Rutland County, the original declaration was in debt, and con-
tained only the *indebitatus* and *quantum meruit* counts, and the
common counts for money lent, money paid, money had and re-
ceived and on an account stated. Subsequently to the filing of the
original declaration, but within the rule, the plaintiff filed a
special count in debt declaring upon a judgment recovered by the
plaintiff against the defendant in the Supreme Court of New York.
The defendant moved to dismiss the special count, for the reason
that it was for a different cause of action from that declared upon
in the original declaration. The motion was sustained and the
count dismissed; and the ruling and judgment were affirmed by this
court. The only fact that distinguishes that case from this, is,
that in this the special counts that are objected to and that came
in by way of amendment, are debt upon promissory notes, and in

that, the original declaration contained the counts above stated, and the objectionable count, in the amended declaration, was in debt on judgment; so that the order of declaring was reversed. But the question was regularly made in that case, as it is in this, whether the causes of action were the same. Without repeating what was said in that case, and the reasons that were assigned for the judgment, we regard it as a full and satisfactory authority for reversing the ruling of the County Court.

The judgment is reversed and motion sustained, and the 2d, 3d, 4th, 5th, 6th, 7th, and 8th counts in the new or amended declaration are dismissed, and cause remanded.