BARTON BROTHERS, APPELLANTS, *v.* SOUTH JOR-
DAN CO-OPERATIVE MERCANTILE AND MAN-
UFACTURING INSTITUTION, A CORPORATION,
RESPONDENT.[1]

ATTACHMENTS.—PRIORITY OF LIEN.—MISNOMER.—AMENDMENTS.—
Z., in an action against S. J. C. Mercantile Institution, levied
through the United States marshal a writ of attachment on
merchandise in the possession of defendant. B., after Z. had
obtained judgment, attached the same property through the
same officer in an action against the same defendant, but on
discovering that its proper name was the S. J. C. Mercantile
and Manufacturing Institution, amended his complaint and
levied an *alias* writ of attachment. Afterwards Z., by con-
sent and agreement in open court of all the parties in the first
action and by order of the court, amended the complaint and
entire record by inserting the true name of the defendant.
There was no corporation of the first name. *Held*, that Z.'s
attachment lien was paramount.

(No. 500. Decided July 27, 1894. 37 P. R. 576.)

APPEAL from the District Court of the Third Judicial
District, Hon. S. A. Merritt, *Judge.*

Attachment by Barton Brothers against South Jordan
Co-operative Mercantile and Manufacturing Institution.
From a judgment that the lien of plaintiffs' attachment
was junior to the lien of another attaching creditor, plaint-
iffs appeal. *Affirmed.*

*Messrs. Jones & Schroeder,* for appellants.

The doctrine of *idem sonans* furnished the true test as
to whether or not the variance is substantial and fatal.

---

[1] Rehearing denied August 31, 1894.

*Robson* v. *Thomas,* 55 Mo. 582; *Flood* v. *Randall,* 72 Me. 449; *Whelen* v. *Weaver,* 93 Mo. 432. In other words if the attentive ear finds no difficulty in distinguishing the two names when pronounced they will be presumed to be different. *Robson* v. *Thomas,* 55 Mo. 582. The Supreme Court of Massachusetts has laid down the only general rule as to rights of subsequent attaching creditors to acquire priority for defects in names and parties over prior attachments. If the first attachment might have been abated for defect of parties or name, an amendment ought not to be allowed to injure a subsequent attaching creditor. *Denny* v. *Ward,* 20 Mass. 200. Priority lost by irregularity cannot be restored by amendment. *Kittredge* v. *Gifford,* 62 N. H. 134. That the defect in this case is such that a plea in abatement would have been good cannot be doubted after a study of the following cases, where a misnomer was held fatal. The name of the defendant in the writ was Henry F. Hawkins. The sheriff certified that he had attached the property of Henry M. Hawkins. Held such a misdescription as to render the attachment void, and second attaching creditor held to have prior lien. *Dutton* v. *Simmons,* 20 Am. Rep. 729. The omission of the middle letter in a name in the judgment index is fatal to a lien. Hutchinson's App. 92 Pa. St. 186. Similar misdescriptions were held fatal in the following cases: Sarah Sission for Sarah F. Sission, *Terry* v. *Sission,* 125 Mo. 561; E. S. Shepard for E. T. Shepard, *Parker* v. *Parker,* 146 Mass. 320; John Gruver for John M. Gruver, *Wood* v. *Reynolds,* 7 Watts & S. (Pa.), 406; Daniel Sharp for David Sharp, *Sweazy* v. *Nettles,* 2 Mo. 6. "There is no doctrine resting on a more stable ground, both by reason and authority, than that all material amendments of a record must be made with a saving of intervening rights acquired by third persons. In an order allowing an amendment it is proper to express this by way

of removing all doubt.    But whether expressed or not the law makes the reservation." *McCormick* v. *Wheeler,* 36 Ill. 120; *Remick* v. *Butterfield,* 31 N. H. 73; *Crutcher* v. *Commonwealth,* 6 Whart. 340; *Shirley* v. *Phillips,* 17 Ill. 473; *Smith* v. *Hood,* 25 Pa. St. 218; *Galpin* v. *Fishburne,* 3 McCord, 22.

*Messrs. Richards & Richards,* for respondent.

BARTCH, J.:

This is a case in which one attachment creditor of the defendant corporation claims a lien on the property superior to that of another such creditor.    It appears from the record that on January 8, 1894, the Zion's Co-operative Institution brought an action against the South Jordan Co-operative Mercantile Institution to recover the sum of $1,893.19, and levied, through the United States marshal, a writ of attachment upon a stock of merchandise in the defendant's possession.    On January 11, 1894, judgment was entered in favor of the plaintiff and against the defendant.    On January 12, 1894, the appellants commenced an action against the same defendant to recover $570.70, and by the same officer attached the same merchandise.    After judgment had been rendered for the plaintiff in the first action, and suit had been brought by the appellants, it was discovered that a mistake in the name of the defendant had been made in both actions, by omitting the words "& Manufacturing" after the word "Mercantile," and before the word "Institution."    On January 15, 1894, the appellants filed an amended complaint, so as to correct the error caused by the omission, and on the next day levied an *alias* writ of attachment on the same goods by the same officer.    On January 17, 1894, the plaintiff in the first action, by consent and agreement in open court of all parties to that action, and

by order of court, amended its complaint by inserting the omitted words, and amended the record so as to state the true name of the defendant; and on the same day the United States marshal readvertised the goods levied upon for sale under execution in the first action, and it appears, as a result of the sale under that execution, he had in his possession $800. On January 27, 1894, the appellants obtained judgment for their claim, and on the 29th execution was issued therefor to the same officer. On February 15, 1894, the appellants moved the court for an order directing the officer to apply a sufficient amount of the money in his hands on the execution in favor of the appellants to satisfy their judgment. This motion was denied, and an appeal prosecuted to this court.

The only material question raised is whether the appellants, under the facts and circumstances apparent from the record, have a paramount lien on the funds in the hands of the officer. It is contended by counsel for appellants that there was an attempt to substitute a new defendant after judgment, and that neither at the time of the amendment, nor at the hearing of appellants' motion to apply the money in satisfaction of their judgment, was there any evidence introduced to show the identity of the South Jordan Co-operative Mercantile Institution and the South Jordan Co-operative Mercantile & Manufacturing Institution. If there was any doubt on the point of identity, such doubt would seem to have been removed by the affidavit of one of the counsel for the appellants, as shown by the record, a portion of which reads as follows: "Affiant further states that there is no such corporation as South Jordan Co-operative Mercantile Institution, but that the true name of the corporation whose property was attached herein was and is South Jordan Co-operative Mercantile & Manufacturing Institution." This is plain and to the point, and agrees perfectly with the amendment.

With such an affidavit in the record, how can counsel question the identity of the defendant? If the amendment worked no change of defendant, how could it alter the status of the several parties to the proceedings? It could produce no hardship on the appellants, for it left them in the same position in which they were before it was made,—junior lienors. Nor does it appear that they were misled by it, for they were acquainted with all the facts in relation thereto. Nor was there any claim of fraud or collusion between the plaintiff and defendant in the first action. The omission was simply a mistake which both attachment creditors innocently made. It was technical, merely, and attended with no serious consequences. The defendant was present in open court, and consented to the amendment. It thereby waived its right to object to the action of the court, and a subsequent attaching creditor can take no advantage because of such waiver, unless it causes substantial injustice to such creditor. It was within the sound discretion of the court, under all the circumstances, and in furtherance of justice, to allow the amendment to be made, and to order the record to be amended *nunc pro tunc.* A district court has the power to amend its records, even after the term; and the court below having exercised its discretion, upon its own view of the facts, this court will not interfere. An amendment to a complaint, as in the case at bar, which causes no increase in the amount to be recovered, and introduces no new cause of action, will not dissolve an attachment. 2 Comp. Laws Utah, 1888, § 3256; Drake, Attachm. §§ 273, 287; Ang & A. Corp. p. 77, § 4; *Slicer* v. *Bank*, 16 How. 576; *Jones* v. *Lewis*, 47 Am. Dec. 338; *Barber* v. *Briscoe*, 9 Mont. 341, 23 Pac. 726; *Cartwright* v. *Chabert*, 49 Am. Dec. 742; *Frink* v. *Frink*, 80 Am. Dec. 189; *Rudolf* v. *McDonald*, 6 Neb. 163; *King* v. *Burnham*, 129 Mass. 598; *In re Schroeder's Estate*, 46 Cal. 305. It is the duty of

the court, in every stage of an action, to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. 2 Comp. Laws Utah, 1888, § 3258.

We are of the opinion that the amendment in this case was not fatal to the lien of the first attachment creditor, that his lien is paramount to that of the appellants, and that the court did not err in its ruling. The judgment is affirmed.

MINER and SMITH, JJ., concur.