## H. C. MINER LITHO. COMPANY *vs.* J. EARL WAGNER.

Suffolk.   November 21, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Whether an appeal to the Superior Court from a judgment for the plaintiff in a Municipal Court opens the question of the allowance by the Municipal Court of an amendment to the plaintiff's declaration, *quære.*

Under Pub. Sts. c. 167, § 42, a plaintiff may be allowed to amend a declaration on an account annexed, by the addition of a count declaring on a judgment obtained in another State on an account identical in its items and alleged to be for the same cause of action.   The fact that the claim has been reduced to a judgment does not prevent its being the cause for which the action "was intended to be brought" within the meaning of the statute.

*Semble,* that ordinarily the pendency of a suit for the same cause of action in another State is not a good plea in abatement.

CONTRACT, originally brought in the Municipal Court of the city of Boston on an account annexed, to recover the sum of $850 for goods sold and delivered, and interest thereon.   Writ dated August 18, 1897.

The case was tried in the Superior Court, before *Braley*, J., on an appeal by the plaintiff from a judgment for the defendant in the Municipal Court.   No appeal was taken by the defendant from any of the interlocutory orders made by the Municipal Court.

It appeared that, in the Municipal Court, the plaintiff was allowed to amend its declaration so that it stood, with a first count on an account annexed for $850, a second count for interest thereon, and a third count, imperfectly stated, declaring on a judgment of a Pennsylvania court for $850.

The plaintiff then moved in the Municipal Court to amend its declaration by substituting for its third count a corrected count declaring upon a judgment obtained by it in the Court of Common Pleas, No. 2, county of Philadelphia and State of Pennsylvania for $850, being the same amount as set out in the plaintiff's account annexed in this case.

The defendant filed a plea in abatement to the second count of the plaintiff's amended declaration upon the ground "that at the time of the suing out of the plaintiff's writ, the plaintiff

was proceeding by a judgment for the collection of the indebtedness claimed in Count 2 of the plaintiff's declaration against the goods and estate of the defendant, as appears among the records and proceedings of the Court of Common Pleas, No. 2, for the county of Philadelphia, State of Pennsylvania, and that said action was pending at the time of the suing out of the plaintiff's writ and the arrest of the defendant thereon on mesne process, and had not gone to judgment; and that the Municipal Court had no jurisdiction of the action, and that as a matter of comity the cause of action set forth in the second count of the plaintiff's declaration as amended, was not open." This plea was overruled by the Municipal Court.

At the trial in the Superior Court it appeared from an examination of a copy of the judgment roll that the plaintiff recovered judgment in the Court of Common Pleas, No. 2, for the county of Philadelphia and State of Pennsylvania, before the date of the writ in this case, and that subsequent proceedings were taken in that court after the date of the writ in this case, but were only taken to satisfy the judgment so obtained.

The defendant contended that the plaintiff ought not to be allowed to amend its declaration by declaring upon the judgment obtained in said Court of Common Pleas, and that the amendments which had been allowed by the Municipal Court ought not to be allowed, and as matter of law should not be allowed; and thereupon the judge ruled that if the question of allowing the amendments was open in the Superior Court, then the amendments should severally be allowed, and that if the matter of the pleas in abatement was open in the Superior Court, then the plea in abatement above stated should be overruled. The defendant offered no evidence upon the merits of the case. It was agreed that the items in the account annexed declared on in the Municipal Court were identical with the items declared on in the Pennsylvania court.

The judge ordered judgment for the plaintiff in the sum of $977.50, and at the request of the parties reported the case for the consideration of this court. If the rulings were right, the judgment was to be affirmed; if the amendment should not have been allowed, judgment was to be entered for the defendant.

*N. F. Hesseltine,* for the defendant.

*W. A. Buie,* for the plaintiff.

HOLMES, C. J. This is an action of contract, originally brought upon an account annexed, but amended in the Municipal Court by adding a count upon a judgment obtained in Philadelphia, before the beginning of this action, upon the same account. The latter count alone was relied upon when the case was tried on appeal in the Superior Court, and judgment for the plaintiff was ordered upon it. The case comes here on report, and presents the question whether the allowance of the amendment by the Municipal Court was reopened by the appeal of the plaintiff to the Superior Court from a final judgment for the defendant, no other appeal having been taken, and whether, if the question is open, the allowance was right. The judge ruled that, if the question was open, the amendment should be allowed. It is moved that the report be dismissed because the judge did not rule whether the question was open, and therefore, as it is said, found for the plaintiff on the judgment without determining whether the judgment was before him or not. But the ruling meant an order that the amendment should stand if an order was proper. If an order was not proper the amendment was established. Either way the case was before him on the judgment.

We shall follow the course adopted at the trial and shall not decide whether the appeal opened the right of the Municipal Court to allow the amendment. We have no doubt, other than that raised by a few decisions of other courts, *McDermid* v. *Tinkham,* 53 Vt. 615 ; *Latine* v. *Clements,* 3 Kelly, (Ga.) 426 ; see *McVicker* v. *Beedy,* 31 Maine, 314, 317 ; *Anderson* v. *Mayers,* 50 Cal. 525, that the amendment was within the powers given by Pub. Sts. c. 167, § 42. See § 85. The count expressly remitted the costs recovered in Philadelphia, and as to the residue of the claim, the technical change to *res judicata* did not prevent its being " the cause for which [the action] was intended to be brought," in the large and popular sense in which those words are used in the sections cited above. *King* v. *Burnham,* 129 Mass. 598. *Henderson* v. *Staniford,* 105 Mass. 504, 508. *Goodrich* v. *Bodurtha,* 6 Gray, 323. *Barker* v. *Burgess,* 3 Met. 273. *Downer* v. *Shaw,* 23 N. H. 125.

*Teberg* v. *Swenson*, 32 Kans. 224. *Thompson* v. *Minford*, 11 How. Pr. 273.

Another question was raised by a plea of *lis pendens*, overruled in the Municipal Court, as to which the judge ruled that if the matter was open the plea should be overruled. Concerning this it is to be remarked that the plea was pleaded only to the second count, whereas the count on the judgment, which, as we have said, was the only one on which the plaintiff relied, was the third. We are disposed to inquire no further, as the supposed *lis pendens* was the very suit in which the judgment relied on was rendered, so that if the plea was intended to be pleaded to the third count, the defendant was under a mistake and his plea would have done him no good on the facts, if it had been tried. The proceedings which led the defendant to think the case still unfinished were proceedings by trustee process to obtain satisfaction of the judgment. They are said to have been discontinued. Probably the plea would have been equally little help to the defendant on the law. *Craig Silver Co.* v. *Smith*, 163 Mass. 262, 266. It is unnecessary to consider still other objections.                    *Judgment for the plaintiff.*