NEW YORK JOBBING HOUSE v. STERLING FIRE INS. CO. et al.

No. 3329. Decided April 28, 1919. (182 Pac. 361.) Rehearing Denied July 11, 1919.

1. ACTION—CONSOLIDATION OF ACTIONS—IDENTITY OF PARTIES. Actions by the same plaintiff against different insurance companies to recover varying amounts under separate policies for losses sustained in the same fire cannot be consolidated for trial under Comp. Laws, 1917, section 7219; the parties not being the same. (Page 399.)

2. STATUTES—ADOPTION OF STATUTES OF SISTER STATE—CONSTRUCTION. Where the provisions of a statute of a sister state are adopted, the adoption is made with construction placed upon it by the courts of the state from which it is adopted.[1] (Page 401.)

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR. Consolidation for trial of actions by the same plaintiff against different insurance companies to recover varying amounts as losses in the same fire, although not authorized by Comp. Laws 1917, section 7219, is not reversible error in the absence of showing of prejudicial error in the final result, in view of section 6622, requiring errors or defects to be disregarded which do not affect the substantial rights of the parties.[2] (Page 403.)

[1] *Dixon* v. *Ricketts*, 26 Utah, 215, 72 Pac. 947.

[2] *Barton Bros.* v. *G. J. C. M. & M. Inst.*, 10 Utah, 346, 37 Pac. 576; *Doyle* v. *West Temple Terrace Co.*, 43 Utah, 277, 130 Pac. 103; *Miller* v. *Gray*, 50 Utah, 224, 167 Pac. 358.

4.  INSURANCE—FIRE INSURANCE—EVIDENCE—ADMISSIBILITY. In an action on fire insurance policies, where defendants alleged fraud, misrepresentation, and concealment in the proof of loss, evidence by plaintiff's manager that several insurance companies had inspected plaintiff's stock before the policies were written was admissible as tending to show that plaintiff at the time the policies were written had on hand the amount of merchandise claimed.  (Page 403.)

5.  APPEAL AND ERROR—REVIEW—HARMLESS ERROR. In an action on fire policies written by several companies wherein defendants set up fraud in the proof of loss, evidence by plaintiff's manager that agents of other companies had inspected plaintiff's stock before the policies were written *held* not prejudicial because it proved nothing for or against defendant companies, which had failed to inspect plaintiff's stock.  (Page 403.)

6.  EVIDENCE—OTHER TRANSACTIONS—FIRE INSURANCE. In action on fire policies brought against several companies, exclusion of evidence that a representative of another company not a party to the action had inspected plaintiff's merchandise before the fire and had canceled policies, giving reasons and purposes therefor, was proper, the court stating that witness could testify as to each and every item of investigation that he made concerning the value of the stock, the value of the stock being the material issue and not reasons and purposes in canceling policy.  (Page 404.)

7.  INSURANCE—FIRE INSURANCE—AMOUNT OF LOSS—EVIDENCE—SUFFICIENCY. In an action on insurace policies, where defendants set up fraud, misrepresentations, and concealment in the proof of loss, evidence *held* to sustain a finding for plaintiff as to the amount of merchandise lost.  (Page 406.)


Appeal from District Court, Third District, Salt Lake County; *W. H. Bramel,* Judge.


Actions by the New York Jobbing House against the Sterling Fire Insurance Company and others.  Cases consolidated, and, from a judgment for plaintiff, defendants appeal.


AFFIRMED.


*W. M. McCrea* and *C. S. Price,* both of Salt Lake City, for appellants.

396        SUPREME COURT OF UTAH        [April

N. Y. Jobbing House v. Sterling Fire Ins. Co. et al., 54 Utah 394.

*Booth, Lee, Badger & Rich,* and *M. E. Wilson,* all of Salt Lake City, for respondent.

### APPELLANT'S POINTS.

Courts have frequently found it necessary in the interests of justice to disregard an apparent conflict of evidence where the only evidence giving rise to a conflict is evidence which is in conflict with undisputed physical facts, natural laws and human experience. *Zoccolillo* v. *Oregon Short Line,* 53 Utah, 39, 177 Pac. 201; *Shepard* v. *Wichita Ice Company,* 108 Pac. 819, 28 L. R. A. (N. S.), 649.

The Court was in error in consolidating these actions over the objection of each of the defendants when obviously the situation did not meet the requirements of the Statute. *Ortman* v. *Union Pacific Railway Company,* 4 Pac. Rep. 858; section 3489 Comp. Laws of Utah, 1907; *Smith* v. *Smith,* 46 Pac. Rep. 128.

### RESPONDENT'S POINTS.

Even though the consolidation is technically erroneous, reversal can not be had unless prejudice or loss has been sustained by it. *Peterson* v. *Dillon,* 67 Pac. 397; *Biron* v. *Edwards,* 46 N. W. 813. The power to consolidate does not depend upon any statute for its existence. *Hayward* v. *Mason,* 104 Pac. 141.

This court has repeatedly held that it has nothing to do with the sufficiency of the evidence to justify the verdict or finding unless there is no competent evidence to support it. And, further, that in determining the insufficiency of the evidence to support a verdict, the Appellate Court will make that determination in the light most favorable to the successful party. *Board of Education* v. *Wright Osborne Company,* 49 Utah 453.

CORFMAN, C. J.

On February 9, 1918, plaintiff commenced, in the district court of Salt Lake county, five separate suits against the defendants, Sterling Fire Insurance Company, Alliance Insurance Company, Rhode Island Insurance Company, Citizens'. Insurance Company, and the Northern Assurance Company, as insurers, to recover loss and damage occasioned by fire to a stock of merchandise and store fixtures. The property had been insured by the several defendants under separate policies for various amounts aggregating a total of $15,500. To the complaints in the several suits a copy of the policy issued by the respective defendant companies was attached and made a part thereof. Each policy was of the same or standard form, gave permission for other concurrent insurance, and contained the following "reduced rate average clause":

"In consideration of the reduced rate at which and the form under which this policy is written, it is expressly stipulated and made a condition of the contract that in the event of loss this company shall be liable for no greater proportion thereof than the amount hereby insured bears to ninety per cent. of the actual cash value of the property described herein at the time when such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon: Provided, however, that if the aggregate claim for any loss shall not exceed two per cent. of the insurance covering on the specific item of property on which claim is made, no special inventory or appraisement of the undamaged property shall be required."

Each policy also contained the following clause:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the policy be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It was in substance further alleged in each of the several complaints that a fire occurred in the "Atlas Block," Salt Lake City, on the night of October 25, 1917, wherein the plaintiff's stock of merchandise and fixtures were damaged and destroyed to the extent of $17,500; that plaintiff had on hand at the time of the fire merchandise of the fair cash value of $18,000 and fixtures of the value of $2,000, all of which

398          SUPREME COURT OF UTAH          [April

N. Y. Jobbing House v. Sterling Fire Ins. Co. et al., 54 Utah 394.

were insured, as set forth in the policy attached to and made a part of the complaint; that, although plaintiff made due proof of his loss and damage, defendant refused to pay the amount of its policy or any other sum, claiming no liability thereunder.

The several complaints were verified by the same person and subscribed by the same attorneys.

The appearance of the respective defendants in the several causes against them were also the same, and each defendant in its answer to the complaint admitted the amount of the insurance, denied the extent of plaintiff's loss, and as an affirmative defense alleged fraud, misrepresentation, and concealment in making sworn proof in writing of the loss and damage sustained by the plaintiff in violation of the express terms and provisions of the policy, and that by reason thereof the policy had become void and was of no force or effect.

After the issues had been thus joined in the several suits brought by the plaintiff against the defendants, the cases were set for trial one to follow the other. On September 25, 1918, the case against the Sterling Fire Insurance Company was first called for trial, and, before proceeding therewith, counsel for the plaintiff moved that the several cases be consolidated for the purposes of trial. The plaintiff's motion, over the objections of the defendants, was sustained and the order made that the several cases be consolidated for trial. A trial by jury was then proceeded with, the trial court according to each of the defendants the same rights and privileges it would have been entitled to had its case been tried separately. Upon the conclusion of the testimony the cases thus consolidated were submitted to the jury to make special findings as well as for the purpose of returning a general verdict.

The findings of the jury upon the special interrogatories propounded were:

"Question No. 1. Did the plaintiff, through its agent, M. F. Kady, in the proofs of loss introduced in evidence herein, willfully and knowingly and for the purpose of defrauding defendant make and swear to any false statements as to the extent, amount, and value of the property destroyed by said fire and covered by the policies of insurance in evidence herein? Answer: No.

Appeal from Third District.

"Question No. 2. Did the plaintiff, through its agent, M. F. Kady, in the examination under oath pursuant to the terms of the policy in evidence herein, then and there willfully and knowingly and for the purpose of defrauding defendant make and swear to any false statements as to the amount, quantity, and value of the property destroyed by said fire and covered by the policies introduced in evidence herein? Answer: No."

A general verdict was returned in each case awarding the plaintiff the amount of the policy involved; the only difference in the verdicts rendered in the several cases being the difference in amounts between the defendants' respective policies. In the aggregate the several verdicts in plaintiff's favor amounted to $15,500 for loss upon merchandise and $100 for the damages to fixtures. Judgment was entered against each of the defendants according to the amount of the verdict returned upon its separate policy. Motion for a new trial was made and denied.

The defendants assign as error and complain of the consolidation of the five cases for the purposes of trial; errors in the admission and exclusion of certain testimony; insufficiency of the evidence to justify the verdicts; and the giving of and the refusal to give certain instructions to the jury.

Was the consolidation of the cases for trial prejudicial error?

Our statute bearing on the subject of consolidation of actions for trial is copied from California. Cal. Code Civ. Proc. section 1048. It is Comp. Laws 1917, section 7219, and reads:

"Whenever two or more actions are pending at one time between the same parties and in the same court upon causes of action which might have been joined, the court may order the actions to be consolidated."

It is apparent that no authority was conferred upon the trial court to consolidate the cases under the foregoing statute. The actions were not pending "between the same parties." Conceding, as contended by plaintiff, that they might originally have been joined by reason of the "reduced rate average clause" found in each of the policies involved, the fact remains that the several policies were separate contracts, and the actions were not between the same parties. If the court had the power to consolidate the several

cases for the purpose of trial, the authority to do so must be sought for elsewhere than under the express provisions of the statute above quoted. As pointed out, our statute (section 7219, supra) is copied from the California Code of Civil Procedure (section 1048). The latter is taken from the New York Code of Civil Procedure (section 817). Colorado, Idaho, Iowa, Kansas, Minnesota, Missouri, Nebraska, Wisconsin, Wyoming, Arizona, Nevada, North Dakota, South Dakota, Oklahoma, and doubtless other states, also have statutes bearing on the question of procedure in the consolidation of cases for trial. We know of no case where a consolidation of actions for trial has been permitted unless the prescribed conditions of the statute, when similar to ours, have been complied with. Counsel for plaintiff here cited none. In support of their contention that in the case at bar the trial court did not commit error in the consolidation they cite *Virginia Carolina Chemical Co.* v. *Home Ins. Co.*, 113 Fed. 1, 51 C. C. A. 21; *Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706; *Burke* v. *Hodge*, 211 Mass. 156, 97 N. E. 920, Ann. Cas. 1913B, 381; *Lumiansky* v. *Tessier*, 213 Mass. 182, 99 N. E. 1051, Ann. Cas. 1913E, 1049; *Peterson* v. *Dillon et al.*, 27 Wash. 78, 67 Pac. 397; *Hayward* v. *Mason*, 54 Wash. 653, 104 Pac. 141; *London P. & A. Bank* v. *Abrams*, 6 Ariz. 87, 53 Pac. 588; *Biron* v. *Edwards*, 77 Wis. 477, 46 N. W. 813; 1 Thompson, Trials, section 210; 38 Cyc. 1269.

The federal cases above referred to were ruled under authority of U. S. R. S. section 921, which provides:

"When causes of a like nature or relative to the same question are pending before a court of the United States * * * the court may * * * consolidate said causes when it appears reasonable to do so."

As to the Massachusetts cases, we need but quote from the opinion in *Lumiansky* v. *Tessier*, supra:

"There is no statute covering the general subject of consolidation of actions in this commonwealth, and a practice has grown up adapted to the accomplishment of justice according to varying circumstances."

We quote from the opinion in *Peterson* v. *Dillon*, supra, with reference to the Washington procedure:

"There is no statute in this state relating generally to the consolidation. * * * There are special provisions for certain kinds of actions."

Quoting from the Wisconsin case:

"It may be added that our statute on the subject contains no limitation which interferes with the power of the court to make the consolidation. Rev. St. section 2792. The statute reads thus: 'When two or more actions are pending in the same court which might have been joined, the court, or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order.' Every condition of the statute is here present."

The Arizona case was ruled upon in the absence of any express statute authorizing the consolidation of cases.

This court has generally held that, where the provisions of a statute of a sister state are adopted as our own, the adoption is made with construction placed upon it by       2
the courts of the state from which it is adopted. *Dixon v. Ricketts,* 26 Utah, 215, 72 Pac. 947. We are not advised as to whether the courts of California have passed upon the precise question under consideration. However, the New York courts have held that under a like statute the statute does not confer the power to consolidate. *Isear v. Daynes,* 1 App. Div. 557, 37 N. Y. Supp. 474. See, also, *Smith v. Smith,* 22 Colo. 490, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. Rep. 142; *Priddy v. Mackenzie,* 205 Mo. 181, 103 S. W. 968; *Harris v. Sweetland,* 48 Mich. 115, 11 N. W. 830; *Ortman v. Union Pac. Ry. Co.,* 32 Kan. 419, 4 Pac. 859; *Winninghoff v. Wittig,* 64 Wis. 180, 24 N. W. 912.

In 1 Cyc. 1125, section 320, the rule is stated thus:

"One of the conditions authorizing, and essential in order to authorize, a consolidation, is that the different actions shall be *between the same parties,* and this rule is ordinarily expressly recognized in the statutes relating to consolidation." (Italics ours.)

Comp. Laws 1917 section 7219, having prescribed the rule of procedure in consolidation of cases, we think the court had no power to consolidate the several actions against the defendants for the purpose of trial unless the statute was complied with. This court held in the case of *Railway v. Investment Co.,* 35 Utah, 528, 101 Pac. 586, that section 5839, declaring, ''The Revised Statutes established the law of

this state respecting subjects to which they relate,'' as controlling upon the courts, and the law there announced has been controlling in numerous decisions of this court since to the same effect. However, as we view the case at bar, under the pleadings, more especially by reason of the uniform ''reduced rate average clause'' contained in each defendant's policy, the trial court, by its proceeding to try the several cases together, attained the right results, and, in order to do complete justice as between the several defendants, could not have well proceeded otherwise. We have pointed out that the answers of the several defendants were in effect precisely the same. The complaint in each action was predicated on a standard policy containing the so-called ''reduced rate average clause'' limiting the liability of the insurer in the event of loss to no more than ''the proportion which this policy bears to the total insurance thereon.'' In each action it was alleged by the complaint that the total loss sustained by the plaintiff on account of the fire amounted to $15,500 on merchandise. The several answers of the defendants denied that the plaintiff's loss on merchandise exceeded $1,500. Necessarily, if the testimony in one case would not warrant a finding for the full amount of the defendant's policy, the liability of that defendant could not be established, nor a proper judgment entered, until the liability of every other defendant had been fixed and determined by trial. Under the allegations of the complaint and the denials of the answer in each case the trial court was placed in a situation where it was impossible to do full and complete justice between the parties, plaintiff and defendants alike, unless all the parties were before it in the one trial. Under the provisions of Comp. Laws 1917, section 6507, providing that ''any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein,'' we think the plaintiff might have, in fact should have, joined the several defendants in one action. Then, again, Comp. Laws 1917, section 6519, provides:

"The court may determine any controversy between parties before

it, when it can be done without prejudice to the rights of others, or by saving their rights; *but when a complete determination of the controversy cannot be had* without the presence of other parties, the court must then order them to be brought in." (Italics ours.)

While we do not want to be understood as holding that the court had the right to consolidate the several cases for trial in view of section 7219, supra, we do think the trial court had the power under the provisions of our Code of Civil Procedure last above cited to conduct the proceedings as they were conducted in the case at bar; that the results were right, and complete justice to the parties was not otherwise obtainable. The trial court in effect treated the answers in the several actions as joined as one answer. The liability of one defendant depended upon the liability of every other defendant under the issues as found and required precisely the same testimony as between the plaintiff and each defendant for a proper determination of the questions involved.

Let it be conceded that the methods adopted by the trial court at the trial were technically irregular; counsel for defendants have pointed out no prejudicial error in the final result by reason of proceedings complained of, and, as we view the case, there were none. The several judgments entered against the defendants were the only judgments under the verdicts that should have been entered; hence no substantial right of any defendant was affected by the proceedings at the trial. As provided by Comp. Laws 1917, section 6622:

"The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by * * * such error or defect."

See *Barton Bros.* v. *G. J. C. M. & M. Inst.,* 10 Utah, 346, 37 Pac. 576; *Doyle* v. *West Temple Terrace Co.,* 43 Utah, 277, 135 Pac. 103; *Mills* v. *Gray,* 50 Utah, 224, 167 Pac. 358.

It is contended by the defendants that the trial court erred in admitting the testimony over their objection of one Kady, the manager of plaintiff company, to the effect that the agents or representatives of several of the insurance companies inspected the plaintiff's stock before their

404          SUPREME COURT OF UTAH          [April

N. Y. Jobbing House v. Sterling Fire Ins. Co. et al., 54 Utah 394.

policies were written. Others of the defendants, the record discloses did not do so before their policies were written. In the first instance, under the issues joined in the pleadings, we think the admission of the testimony was proper as tending to show that the plaintiff had at the time the policies were written the amount of merchandise on hand and tending to sustain plaintiff's contention in that regard. , In the second instance, the admission of the testimony was not prejudicial; for it proved nothing for or against 'the other defendants' failure to inspect the plaintiff's stock. Further, it was the duty of such of the defendants who failed to inspect the stock, if they deemed the admission was prejudicial as to them, to request that the jury be instructed that as to them, the testimony was not to be considered, which they failed to do.

During the course of the trial the defendants proffered certain testimony tending to show that the representative of an insurance company not made a party to the action inspected the plaintiff's merchandise some time before the fire, and upon doing so had canceled the policy issued by his company. In excluding the testimony proffered through this witness the trial court did so on the ground that it was irrelevant and immaterial in so far as the fact might be stated by the witness that the cancellation of the policy was actually made and his purpose in doing so. However, the trial court, in sustaining plaintiff's objection to the offer, ruled that the witness might testify and the defendants be permitted to prove by him ''each and every item of investigation that he made concerning the value of the stock.'' The value of the stock at the time of the fire was the material issue not the purposes or reasons of the witness or his company in cancelling its policy.

It is further contended by defendants that the evidence is insufficient to justify the verdicts, mainly on the ground that the verdicts are based on testimony which is contrary to the undisputed physical facts. The testimony in brief shows that in December, 1916, the plaintiff took an inventory of stock, and that the inventory then taken showed stock on hand amounting to $15,046.23; that subsequently it added to its

stock goods purchased in 1917 amounting to $18,436.42, making the sum total before the fire $33,482.65. Deducting from the foregoing sum total goods returned to jobbers by plaintiff amounting to $803.12, sales made at net cost amounting to $14,131.95, net cost of goods in the hands of peddlers $1,530.92, and $500 worth of merchandise not in the room where fire occurred, the value on hand in the room where the fire was and when it occurred amounted to $16,516.66. We have adopted the foregoing summary mainly from the plaintiff's brief for the reason that we regard it as very liberal for the defendants when viewed in the light of the testimony of the witnesses who testified as to the value of the plaintiff's stock on hand immediately before the fire. The plaintiff's manager in charge of the merchandise estimated the value of the goods in the room where and when the fire occurred to be $18,230.33, and other witnesses testified to approximately the same amount. Deducting the value of damaged goods remaining on hand after the fire, variously estimated, approximately $1,000, the plaintiff's loss by fire would be according to the great weight of the testimony, not less than $17,000. The total amount of the verdicts against the defendants aggregates the faces of their policies combined, $15,500.

The defendants insist, however, that the verdicts are contrary to the undisputed physical facts and to all natural and physical laws, and therefore the verdicts ought not to be permitted to stand. The plaintiff, as pointed out, produced its inventory values of stock on hand in December, 1916, to which it added its purchases up to the time of the fire, making deductions for what was taken out of the stock up to the time of the fire, thus making a showing that the value of stock damaged and consumed by fire amounted to more than the amount of the policies written by the several defendants. In connection with this showing made by the plaintiff there must be taken into consideration the unrefuted testimony of a number of disinterested witnesses who shortly before the fire viewed the stock and who testified that in their opinion the stock in the room where the fire occurred was worth approximately $18,000. As against this testimony the defendants

insist that we must become the triers of fact and find that there were fraud, misrepresentation, and concealment, which. the jury by special verdict refused to do. There is no testimony in the record, expert or otherwise, tending to show that the amount and value of the goods actually damaged and consumed by fire is not in harmony with the verdicts of the jury. Unless we, sitting as an appellate court, are to make findings of fact from the general appearances of the stock of merchandise after a conflagration and predicate the loss on our own estimate as to dimensions of an affected area, and the amount and the value of a stock that will fill a given space, then the verdicts of the jury were proper ones. No matter what our individual opinions may be as to the doubtfulness or improbability of the facts found in a given case, we may not express them in contravention of the province of a jury, so long as there is substantial testimony to support the verdict.

We find no prejudicial error either in the refusal to give or in the giving of instructions to the jury.

We think the defendants' motion for a new trial was properly overruled by the trial court, and that the judgments rendered against them should be affirmed. It is so ordered. Costs to plaintiff.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.