Riley, P. J.
At the request of the defendant the trial judge has reported his denial of the defendant’s motion to continue this action. It is an action of contract in which the plaintiff seeks to recover for rent and taxes under the terms of a written lease. The defendant sets up in its answer a general denial and a plea of eviction. After filing its answer in June, 1948 the defendant on September 1, 1948 filed the following motion:
“And now comes the defendant in the above entitled action and represents that there is pending in the Supreme Court of the State of New York, a prior action brought by this defendant against this plaintiff in which the same questions are the issue as appears to be in issue in the above case. That the plaintiff is. a New York corporation and the ownership interest in it is wholly controlled by one Damsky whu is also joined in the New York ease as a defendant. That a decision of said case in New York involves sizeable sums of money due from Damsky who is the sole owner of the plaintiff company which will more than *238 off-set any claims that may be found to be due in the above case. That any decision rendered in the New York case will be binding upon the plaintiff in this case and under the Constitution of the United States, will have to be given due faith and credit in this Court. That the different courts should not be deciding the same issue in different states.
Wherefore, the defendant respectfully moves that the above case be continued pending the final decree in the litigation commenced prior to this litigation and now pending in the Supreme Court of the State of New York.”
“At the time of the hearing on this motion, the defendant’s attorney stated that the defendant had, prior to the beginning of this action, to wit: April 1, 1948, brought an action in the Supreme Court of the State of New York to recover damages for and due to the breach of the terms of the same lease upon which action for rent is now brought in this case; that the plaintiff is a New York corporation; that the service has been had thereupon, and that issue was joined on July 20, 1948.”
There- were other parties defendant and other parties plaintiff in the New York case. There were other issues in the New York action besides liability for the payment of rent and taxes.
The defendant duly claimed a report to the Appellate Division because of the court’s refusal to' allow said motion for continuance and later on the 8th of December, 1948, the plaintiff moved for trial again and after a hearing which was uncontested by the defendant, a decision was rendered for the plaintiff in the sum of $10,728.60 as damages. No further description of the parties or the nature of the cause of action pending in New York appears in the report. The plaintiff claims that the defendant should have pleaded the pendency of the New York action in *239 abatement while the defendant contends that the plaintiff by joining issue in the New York case after starting its suit in Massachusetts has created a situation which could not be presented on a plea in abatement. Apparently, except where the prior litigation is a trustee or similar process, the pendency of an action in another jurisdiction for the same cause of action still cannot be pleaded in abatement in this Commonwealth.
In Solomon v. Continental Insurance Co., 261 Mass, 360 at 362 the court says: “In the present state of the law, a plea in abatement is good. The early cases questioned or denied that the pendency of litigation in another jurisdiction furnished good ground for abating litigation between the same parties for the same cause here. Lindsay v. Larned, 17 Mass. 190, 197; Newell v. Newton, 10 Pick. 470; Colt v. Partridge, 7 Met. 570, 574. But it is now established that while, in general, the pendency of such prior litigation is not a good ground of abatement. Moore v. Spiegel, 143 Mass. 413; H. C. Miner Litho. Co. v. Wagner, 177 Mass. 404 — a different rule applies when the prior litigation is a trustee or garnishment process. American Bank v. Rollins, supra; Garity v. Gigie, supra; Graig Silver Co. v. Smith, supra. It has never been good ground of defence in bar of the action. Meriam v. Rundlett, 13 Pick. 511. Compare Consolidated Ordnance Co. v. Marsh, supra. The exception is based upon the hardship of exposing the trustee to double liability. Equal hardship exists where the trustee process is subsequent to the suit by the principal debtor; yet that has never been treated as good ground for abating the writ. Wallace v. M’Connell, 13 Pet. 136, 151. The hardship may be lessened without abating the writ, by continuance until the liability in the foreign jurisdiction has been fixed or terminated. That is the method adopted where both suits are in the same jurisdiction. It *240 was said in Winthrop v. Carlton, 8 Mass. 456, ‘The plea discloses no sufficient cause for abating the writ * * * That process depending may well support a motion for a continuance of this action. ’ ”
However, this does not mean that a party is without remedy when two suits for the same cause of action are brought in different jurisdictions. In Consolidated, Ordnance Co. v. Marsh, 227 Mass. 15 at 20 and 21 the court says: ‘ ‘ Therefore, where two actions are pending between the same parties for the same cause within the same governmental unit, one in the federal and the other in the State court, we do not conceive it to be the law that the plaintiff has an absolute right to maintain both up to the point of obtaining a final judgment. The establishment of such an inflexible rule might work great hardship in some cases. Justice requires the court in which the point is raised to determine, after an examination of the merits in this respect, whether the defendant is in truth being doubly vexed by the contemporaneous prosecution of both actions, and malee appropriate order in the light of what is revealed by such an inquiry. That proposition has been declared broadly in well considered judgments, even with reference to an action pending in a foreign country, in McHenry v. Lewis, 22 Ch. D. 397, and in The Christiansborg, 10 P. D. 141. There is an intimation in the same direction in Merrill v. New England Mutual Life Ins. Co., 103 Mass. 245, 248, 249. But without deciding more than is raised by the present record, it is the duty of this court to ascertain from all the circumstances whether the maintenance of these two cases ought to go forward simultaneously and, if not, what ought to be done, having regard to the ‘fundamental ethical rules of right and wrong.’ Robinson v. Mollett, L. R. 7 H. L. 802, 817.”
*241 In the light of these decisions we will assume that it was the duty of the trial judge to ascertain from all the circumstances whether the maintenance of these two cases ought to go forward simultaneously and, if not, what ought to be done having regard to the fundamental ethical rules of right and wrong. In the case at bar he could have ordered a continuance of the action until an opportunity to plead any judgment in its favor in the New York action could be pleaded in set off by the defendant. However, he was not required to do this if the circumstances and the nature of the litigation did not clearly warrant it. While the defendant had previously brought an action in the New York court to recover damages for breach of the terms of the lease upon which the present action was brought in this Commonwealth to recover rent and taxes under the lease, it appears from the report that there were other parties and other issues involved in the New York action. From the record it is not at all clear what effect the judgment in the New York case might have in the case at bar. It is to be noted that the defendant made no contest at the trial of this action on December 8th although it had pleaded a general denial and eviction and might have shown this breach of the lease which it claims in its New York action as a defense in the present suit. This is not a ease where the defendant is being vexed by a suit for the same cause of action in two different jurisdictions. By reason of the fact that there are various other parties and various other issues in the New York case it is not plain that the defendant in the case at bar is being exposed to the possibility of double liability or that it cannot be protected from such in the New York suit.
Accordingly, we think that the judge in his discretion was warranted in denying the defendant’s motion for continuance and the report is ordered dismissed.