## L. B. KERR *vs.* HYMAN BROTHERS.

### DAMAGE. BEFORE JUDD, J.

### OCTOBER TERM, 1881.

Plaintiff sues for damage caused by defendants falsely swearing that plaintiff was secreting his property, and thus procuring a writ of attachment on all plaintiff's property, which destroyed plaintiff's business and caused him to be put in bankruptcy.

Held, that the validity of the attachment could not be raised in the former suit, for the jury, while trying the question whether Kerr owed Hyman, could not award Kerr damages for a wrongful attachment.

The present suit being, in effect, an action for malicious prosecution, plaintiff must aver malice and want of probable cause: and as the averments of the complaint are not sufficient in this regard, the demurrer is sustained.

Plaintiff, not his assignee in bankruptcy, is the proper person to bring the suit.

### DECISION OF JUDD, J., ON DEMURRER.

This is an action to recover damages for injury done to the property of plaintiff, the complaint alleging that the defendants commenced an action on the 1st June, 1881, against the plaintiff to recover the sum of $1358.77 for goods sold and delivered, and that in their complaint the defendants falsely swore that this plaintiff was secreting his property and disposing thereof or colluding so to do, and thereby procured an attachment on all plaintiff's property; that said attachment destroyed his business and caused another creditor to file a petition against him in bankruptcy; that plaintiff was at that time able to pay his debts, was not secreting his property, or disposing of it dishonestly or improperly or fraudulently, or colluding so to do, which was well known to defendants; and that defendants by their acts intended to injure the plaintiff in his property and business.

To this complaint the defendants demur, stating that the complaint does not allege that (1) the defendant acted without probable cause, (2) and with malice, and, (3) that the former suit is terminated; and also (4) that the former suit raised the validity of the attachment, and (5) that the complaint does not deny the existence of the facts on which the attachment was issued.

At the argument it was further suggested that the assignees, who succeed to the property of the bankrupt, are the proper parties to bring this action.

I am of the opinion that the question of the validity of the attachment, or whether the facts which were brought to the notice of the Judge who allowed the attachment were sufficient to warrant it, could not be tried in the former action. The Code, Sections 1117 and 1120, authorizes the issuing of an attachment by a Judge upon certain sworn allegations in the complaint, and the bond given is to reimburse the defendant for all costs, charges and damages in case the plaintiff shall fail to sustain his action. The sufficiency of those facts is left to the Judge from whom the allowance of the attachment is asked. The jury could not possibly, while trying the issue of whether the then defendant (Kerr) was indebted to the then plaintiffs (Hyman Bros.), try also the distinct question of damage suffered by the defendant in consequence of the attachment. The bond is conditioned on the failure of the plaintiffs to sustain their action, but if the action was not sustained, the jury could not then proceed to assess the damages on the bond in the same action.

This present action is not trespass or other action for damages to property. If it were, the assignees in bankruptcy should bring it.

After a careful reading of the complaint, I find that damages are claimed on account of the alleged *falseness* of the affidavit upon which the attachment was issued; and because the plaintiff, Kerr, was not fraudulently or dishonestly disposing of his goods, which the defendants well knew, which is, in effect, an action claiming damages for a malicious prosecution. The gravamen

of such an action is that the plaintiff has improperly been made the subject of legal process, whether criminal or civil, to his damage. And the plaintiff must aver (as he must prove) (1), that he has been prosecuted either criminally or in a civil suit, and that the prosecution is at an end; (2) That it was instituted maliciously and without probable cause; (3) That he has thereby sustained damage.

I incline to the opinion that the suspension of the civil suit, by the operation of the petition to declare the plaintiff a bankrupt, is a sufficient termination of the suit. The then plaintiffs recover a dividend from the assignees on their claim. Its receipt and the discharge of the bankrupt is a complete bar to the action, and it is virtually at an end.

But the averment of want of probable cause and malice are essential, and I do not think that the averment that the defendants "intended to injure plaintiff," takes the place of an averment of "malice," or the allegation, that "they falsely swore that he was dishonestly disposing of his goods," is equivalent to an averment that there was no probable cause for the prosecution of the complaint.

Demurrer sustained.

*B. H. Austin,* for plaintiff.

*A. S. Hartwell,* for defendants.

Honolulu, October 29th, 1881.