WILLIAM ORTMAN v. THE UNION PACIFIC RAILWAY COMPANY.

1. CONDEMNATION PROCEEDING; *Appeal; Misconduct of Jurors.* In the trial of an appeal from the determination of the commissioners as to the value of real estate appropriated by a railroad company, it is misconduct for two of the jurors, without the direction or consent of the court, after the evidence has been submitted and before the argument of counsel in the case, to go together to the real estate in controversy and examine it, in order that they may have a better understanding of the case they are trying, and be the better enabled to fix a value thereon.

2. CASES, *When not to be Consolidated.* Where cases cannot be consolidated under the provisions of the statute, the court has no authority, as a matter of convenience and economy, to require several cases upon the same general subject to be considered and determined by the same jury at the same time, if the parties thereto object.

3. ABUSE OF DISCRETION *in Ordering a Continuance.* Where commissioners are appointed under art. 9, ch. 23, Comp. Laws of 1879, to appraise real estate of a person whom they suppose to be the owner thereof, and fix a value thereon, and such alleged owner appeals from the award to the district court, and another person, claiming to be a lessee of the lot and the owner of the improvements upon it, subsequently appeals from the determination of the commissioners, it is an abuse of discretion on the part of the court to continue the first appeal against the objection of the appellant when the case is called for trial, in order to try, at the instance of the defendant, both of the appeals together, before the same jury and at the same time, when the appellant in the first appeal is ready for trial and no valid reason is given for a continuance by the defendant, and no showing is made that there is a dispute between the appellants as to the interest of each in the premises, and no claim is made that there is a defect of parties in either case, and no request is presented to allow or require amended or new pleadings to be filed in either case.

*Error from Leavenworth District Court.*

APPEAL by *Ortman* from the determination of the commissioners as to the value of a certain lot belonging to him and appropriated by *The Union Pacific Railway Company* for its railroad. The facts are stated in the opinion. This proceeding in error is brought by *Ortman*, to reverse an order made by the district court, January 11, 1884, setting aside a verdict for plaintiff for $1,200 damages and granting the defendant company a new trial; an order made by the court, April 28, 1884, that this case, and the case of Charles Besser against the same defendant, be tried together; and also an order, made on said day, that the cases aforesaid be continued to the next term.

*J. D. Shafer*, and *L. B. & S. E. Wheat*, for plaintiff in error.

*J. P. Usher*, and *Chas. Monroe*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an appeal from the determination of the commissioners as to the value of a certain lot of plaintiff appropriated by the defendant for its railroad. The commissioners appraised the lot on October 16, 1883, as follows: "Owner, William Ortman; value, $600." On October 18, 1883, Ortman appealed to the district court. One Charles Besser, claiming to be a lessee of the lot and the owner of the improvements thereon, also appealed to the district court. On December 20, 1883, the motion of the railway company to have the case of Ortman against the railway company and the case of Charles Besser against the same company tried together and before the same jury, was heard and overruled by the court. On December 21, 1883, the case of Ortman against the company came on for trial, and a verdict was returned in his favor for $1,200. December 22, 1883, the railway company filed its motion to set aside the verdict and for a new trial. This motion was heard on January 3, 1884, and taken under advisement until January 11, 1884, when the verdict was set aside and a new trial granted on ac-

count of the misconduct of the jury. At the April term of
the court for 1884, and on April 28th, the case of Ortman
against the railway company came on again for trial. There-
upon the defendant, for the second time, applied to the court
for an order that this case and the case of Charles Besser
against the same company be tried together by the same jury
and at the same time. Ortman objected to the application
being heard or entertained, because it was made without leave
and a similar one had been heard and overruled. The court
overruled the objection. Thereupon the court ordered the two
cases to be tried together by the same jury and at the same
time, to which both Ortman and Besser excepted. The court
then called the cases for trial together. Ortman announced
himself ready for trial, and objected to the actions being called
together for trial or tried together. Besser stated he was not
ready for trial, and also objected to the actions being called
together for trial or tried together. The court gave the de-
fendant the option to proceed with the trial of both appeals
together, or continue the same until the next term of court;
whereupon the defendant moved the court to continue both
the appeals to the next term, which was done. Ortman and
Besser excepted.

It is claimed on the part of plaintiff that the order grant-
ing a new trial should be reversed, because the defendant was
permitted to read the affidavit of G. L. Mead, a juror, to the
effect that he, with another juror, went to the lot in contro-
versy and examined it during the trial of the cause to enable
them to fix a value upon it. It is insisted that Mead, being a
juror, was not a competent witness to testify to the matters in
his affidavit; that even if he was a competent witness, the
matters stated did not show such misconduct of the jury as
justified the trial court in setting the verdict aside. These ob-
jections must be overruled. The affidavit of Mead is within
the rule laid down by this court in *Perry v. Bailey,* 12 Kas.
539, and *Gottlieb Bros. v. Jasper,* 27 id. 775. The jury were
sworn to well and truly try the matters submitted to them in
the case and a true verdict give in accordance with the law and

the evidence, that is, according to the law and the evidence given them in court. Mead and his associate, Garcelon, went to the lot in controversy and thereby received evidence not given them in court, and therefore they had evidence additional to that of the other jurors, and had the advantage of the other jurors. Their personal examination of the lot and the knowledge acquired therefrom doubtless influenced them in arriving at their verdict, and may have controlled the other jurors. It is not, therefore, certain that the verdict was rendered upon the evidence given in court. No showing was attempted to be made that the rights of the defendant were not prejudiced by the misconduct of the two jurors. ( *Gottlieb Bros. v. Jasper*, supra; *Bowler v. Washington*, 62 Me. 302; *Deacon v. Shreve*, 22 N. J. L. 176; *City of Sedan v. Church*, 29 Kas. 190; Thompson and Merriam on Juries, § 354.)

The plaintiff alleges it was error to grant the continuance. In this we think he is correct. Matters of continuance are largely within the discretion of the trial court, but that discretion is not to be abused. After the motion made by the defendant to try the cases together had been overruled on December 20, 1883, the motion was renewed at the April term for 1884, and the court ordered the two cases to be tried together, at the same time and before the same jury. Ortman announced himself ready for trial in the action in which he was plaintiff, but Besser stated he was not ready for trial. Without any affidavits being filed, or any other reasons given than that the plaintiffs objected to proceed with the trials together, the district court granted the motion of defendant to continue the appeals to the next term.

The cases were not entitled to be consolidated under § 145 of the code, (*Harsh v. Morgan*, 1 Kas. 293,) and we perceive no justifiable ground for the order of the court requiring them to be tried together. There was no showing made by the defendant of any dispute between Ortman and Besser. The appeals were separate. An appeal from the award of condemnation commissioners is taken substantially in the same manner as an appeal is taken from a judgment of a justice of the peace. Bes-

ser had no right to disturb the assessment made as to anyone else except himself, and Ortman was not interested in the claim of Besser. The claim of each was entitled to a separate consideration, and the compensation of each must be assessed separately. The fact that the company will be put to greater expense by separate actions, confers upon the court no power to require the cases to be tried together. As a matter of convenience and economy, it may be well for several cases upon the same general subject to be considered and determined by the same jury, if all the parties thereto consent; but in the absence of such consent, there is no authority in the statute to try separate and distinct appeals of this class together; at least where there is no showing made that there is a dispute between the appellants as to the interest of each in the premises, and where no claim is made that there is a defect of parties, and no request made to allow or require amended or new pleadings to be filed. Ortman was ready for trial, and no sufficient showing of any kind was made for a continuance. That Besser was not ready for trial, and that the court desired the cases should be tried together, was no valid reason for a continuance.

The ruling of the district court in granting a continuance was erroneous, and will be reversed, and the cause will be remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.