HANDLEY, RESPONDENT, v. SPRINKLE, APPELLANT.

(No. 1,892.)

(Submitted April 28, 1904.　Decided June 28, 1904.)

*Written Instruments—Cancellation — Bill—Actions—Consolidation—Effect — Statutes—Costs — Judgments—Appeal—Bill of Exceptions — Evidence — Certification—Review of Evidence.*

1.　Under Code of Civil Procedure, Section 1894, actions consolidated are merged into one suit, and hence only a single judgment should be rendered settling the entire controversy.
2.　Where actions are consolidated as authorized by Code of Civil Procedure, Section 1894, the court should require the pleadings to be reconstructed as in one suit.
3.　Where actions are consolidated as authorized by Code of Civil Procedure, Section 1894, the court should determine what costs, if any, should be charged to either party in the original suits, costs subsequently accruing being taxable only in the consolidated action.
4.　The legality of the consolidation of actions will not be reviewed by the supreme court unless excepted to at the time and brought to the supreme court by the party excepting.
5.　Where a bill to set aside a note, secured by a chattel mortgage, on the ground of fraud, alleged facts showing a mere failure of consideration for the note, and did not allege either that defendant was insolvent, that plaintiff did not have an adequate remedy at law, or that defendant had

threatened to dispose of the note before maturity to a *bona fide* purchaser, but alleged that defendant was in possession thereof and refused to deliver the same to plaintiff, it was insufficient.

6. Under a statute providing that in the settlement of statements and bills of exceptions the court shall eliminate all immaterial evidence, if a bill of exceptions or statement appears to contain all material evidence, or the substance thereof, given on the trial of the case, referring to the points brought before the supreme court for review, that court has full power to consider the sufficiency of the evidence, if properly specified as a ground of error.

*Appeal from District Court, Choteau County; John W. Tattan, Judge.*

Consolidated actions by Charles W. Handley against Robert L. Sprinkle. From judgments in favor of plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Reversed.

*Messrs. Downing & Stephenson,* and *Mr. W. S. Towner,* for Appellant.

As consolidation merges the several actions into one, and they thenceforth constitute but a single action, but one judgment must be rendered, and the more so if they are heard together, decided and are in one transcript. (4 Am. and Eng. Ency. Pleading and Practice, p. 705; *Capron* v. *Adams Co.,* 43 Wis. 614; *Mills* v. *Paul,* 30 S. W. 395; *Mills* v. *Paul,* 30 S. W. 559; *Hiscox* v. *Staats Zeitung,* 23 N. Y. S. 683; *Blake* v. *R. R. Co.,* 17 Howard Pr. 228.)

*Mr. Charles N. Pray,* and *Mr. George H. Stanton,* for Respondent.

There are but two judgments in the two actions. It was the duty of the clerk to enter one of these judgments, and it was the duty of the court to enter the other. The fact that several suits are consolidated does not change the rules of pleading, nor the rights of the parties. The rights must still turn upon the pleadings, proof and proceedings in the respective causes. (4 Ency. Pl. and Pr. 691; *Mowry* v. *Davenport,* 6 Lea. (Tenn.)

82; *Brevard* v. *Summar*, 2 Heisk. (Tenn.) 105; *Lofland* v. *Coward*, 12 Heisk. (Tenn.) 546.)

The mode of consolidation at law is not by uniting the several actions in one entire record. (*Burnham* v. *Dalling*, 16 N. J. Eq. 310.)

In equity an order of consolidation has no other effect than to hear the cases thus consolidated at the same time. The issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases were heard separately. (4 Ency. Pl. and Pr. 695.)

We think the correct practice in the case of consolidations of actions is to make a separate motion for new trial in each case upon the grounds peculiar to that case alone, and then prepare separate bills of exceptions and present separate appeals, and let each case stand on its own record. The purpose of the consolidation is simply that of trial in the court below. (*Harmon* v. *San Francisco & San Raphael R. R. Co.*, 86 Cal. 617.)

Counsel complain of separate judgments for costs being entered. In consolidating several actions, the taxing of the costs is to be determined in the exercise of a sound judicial discretion. This is the rule, both at common law and by statute. (4 Ency. Pl. and Pr. 699.)

Where cases are consolidated for trial, the causes of action remain distinct to the extent of requiring separate verdicts. (4 Ency. Pl. and Pr. 703.)

In the case of *Land Commissioners* v. *Reily*, Dall. (Tex.) 381 (referred to in above citation), it is said: "The rendering of one general judgment on a number of separate actions is an anomaly in the history of judicial proceedings." (*Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S. 285.)

Where the record shows separate verdicts and judgments, it would seem that for the purposes of an appeal they must be treated as separate and distinct trials. (*Mills et al.* v. *Paul et al.*, (Tex.) 23 S. W. Rep. 189.)

Where cases are consolidated, upon the rendition of verdicts the order of consolidation is, *ipso facto*, dissolved. (*Mills* v. *Paul*, 30 S. W. Rep. 242; *Pupke* v. *Meador*, 72 Ga. 230.)

The fact of separate judgment being entered would be no cause for granting a new trial. All informalities in judgments are capable of being corrected under the direction of the appellate court. (*Duignan* v. *Montana Club,* 16 Mont. 189.)

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal from judgments against defendant, and an order overruling his motion for a new trial.

On June 17, 1900, respondent (Handley) brought suit against appellant (Sprinkle) upon two causes of action, viz.: (1) An action for damages for the breach of a contract for the care and running of a certain band of sheep. In connection with this cause of action plaintiff alleges that, at the date of the making of the contract alleged, plaintiff and wife executed and delivered to defendant their promissory note for $1,900, and also executed and delivered a chattel mortgage securing payment of the same, but that the said note and mortgage were solely for the purpose of securing future advances of money to defray the expenses of running the sheep under the alleged contract. (2) An action on account for the value of goods, wares and merchandise sold and delivered to the defendant.

The defendant answered the first cause of action by a general denial of all the allegations of the complaint, and by affirmative allegations setting up the existence of a contract with plaintiff for running a band of sheep from the .... day of August, 1899, for one year, setting up the terms of the contract, among which was an agreement on his (defendant's) part to furnish all money necessary to pay the expenses of running the sheep during the year, which was to be returned to him on final settlement; that plaintiff took possession of the sheep under this contract in August, 1899; that on June 28, 1900, plaintiff's demands for money became so unreasonable that defendant demanded a settlement of all their accounts, which was then and there had,

and, after giving plaintiff all the compensation to which he was entitled under the contract, plaintiff was found to owe defendant the sum of $1,900, whereupon plaintiff and his wife gave defendant their promissory note for this amount, secured by a chattel mortgage, a copy of which is attached to the answer. The defendant further alleged that he was the sole holder and owner of the note and mortgage, and that no part had been paid, except the amount specified in his answer to the second cause of action. In his answer to the second cause of action he admits purchasing the articles mentioned in paragraphs 1 and 2, of the plaintiff, at the prices stated; denies all the other allegations of the second cause of action. He then sets forth by way of affirmative matter the same facts as alleged affirmatively in his answer to the first cause of action, with the additional allegation that the sum total value of the merchandise admitted to have been purchased from plaintiff, as stated in his answer, was credited on the note above referred to by the agreement of the parties. To this aswer plaintiff replied by way of general denial.

On June 17, 1901, plaintiff instituted another suit against defendant, by which he sought to have the note and chattel mortgage set up in the pleadings in the prior suit canceled, and to have plaintiff enjoined from taking possession of the mortgaged property, and from transferring or disposing of the note. Cancellation was asked for on the ground of fraud on part of the defendant in obtaining the note and mortgage. (Further reference to this complaint will hereinafter be made.) To this complaint defendant answered, admitting that prior to June 28, 1900, the plaintiff was running a band of sheep as lessee, which sheep were owned by defendant as lessor; admits the execution and delivery of the note and mortgage, and that he is in the possession thereof. He then denies "each and every allegation of the complaint not hereinbefore specifically admitted."

When the cases above mentioned came on for trial, the defendant moved the court for a consolidation of the suits, "in accordance with Section 1894, Code of Civil Procedure." This

motion was sustained, over the objection of plaintiff, and the cases were consolidated. The record does not show the order of the court made upon such consolidation. The suits were tried together before a jury, which rendered separate general verdicts in favor of plaintiff in each original suit. In addition to their general verdicts, the jury made six special findings in plaintiff's favor, two of which were applicable to the suit at law, and four to the suit in equity.

On the day after the rendition of these verdicts, the clerk of the court entered judgment in each original suit, in accordance with the general verdicts of the jury. In the suit at law the judgment was for the sum of $500 (the amount of damages found by the jury for plaintiff), and $217 costs of suit. In the action in equity the judgment is in the following form: "Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed that the said plaintiff do have and recover from said defendant the sum of......dollars, with interest thereon at the rate of eight per cent per annum from the date hereof till paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of nine dollars and fifty cents ($9.50)."

On the same day the verdicts were rendered plaintiff's counsel moved the court in the equity suit to adopt the findings and verdicts of the jury, and render a decree as prayed for in the complaint. On September 28th defendant's attorney moved the court to reject each of the findings in both cases for certain reasons stated in the motion. On December 11th the court adopted the findings of the jury, and rendered a decree in the equity suit against defendant, as prayed for in the complaint, and entered a judgment against defendant for $226.50 for costs.

Two important questions are presented for determination upon the record in these appeals, viz.: What is the practice after the consolidation of suits, under Section 1894, *supra;* and was such practice followed?

This section is as follows: "Whenever two or more actions are pending at one time between the same parties and in the

same court, upon causes of action which might have been joined, the court may order the actions to be consolidated." It is apparent that the purpose of this provision is to compel a party having different causes of action against another, which might be joined in one suit, to include such causes of action in one suit, so as not to vex the defendant with several suits and place the burden of extra costs upon him.

The consolidation of actions under this statute must be distinguished from what has been known for many years as the "consolidation rule," which was first devised and established by Lord Mansfield. Under that rule, where many cases were pending between the same parties in which the same issues were involved, one case was tried, and all proceedings in the other cases were stayed until after such trial. It must also be distinguished from the old practice in equity of consolidating equity cases. Under such practice, each case was decided upon its own pleadings and evidence. The consolidation in equity cases under this practice was practically consolidating them for the purpose of trial alone.

In our judgment, the consolidation of actions under our statute merges all the actions consolidated into one suit. There may be many causes of action, but the effect of consolidation is to join them all in one suit. If this is true, there can be but one judgment in the consolidated suit, and this judgment must settle all the issues involved. All the suits consolidated are ended as separate suits, and exist thereafter only as parts, respectively of the consolidated suit. Where an order of consolidation is made, the court should require the pleadings to be reconstructed as in one suit, if necessary, and should determine what costs, if any, should be charged to either party in the original suits. All costs in the consolidated suit accrue only after the consolidation. If the pleadings are ordered reformed, the complaint in the consolidated suit should state all of plaintiff's causes of action against the defendant as alleged in each of the suits consolidated, and the answer of the defendant should

present all issues which he has raised in such suits. The complaint in the consolidated suit should be the same as if the plaintiff had joined all causes of action alleged in the original suits in one action. Of course, on the trial, several findings may be had upon the several causes of action stated in the pleadings; and if legal and equitable actions are consolidated they may be tried in the same manner as though such causes had been joined in the same complaint.

In this case, although the original suits were consolidated in accordance with the statute, and were tried as one, yet separate final judgments were entered in each original suit. In fact, the record discloses the entry of three spearate judgments—one in each original suit—entered by the clerk upon the verdicts, and a decree by the court in the equitable suit. It also appears that the clerk entered as costs against defendant in the judgments in the two original suits the sum of $226.50, and that the court included the same amount as costs in the decree in the equitable suit.

There is a great dearth of decisions upon the points above decided, but we have gathered our conclusion from the examination of all sources at our command.

It is apparent from the record that plaintiff recovered duplicate judgments for the same costs, when he was only entitled to single costs, which should be given in a judgment in the consolidated suit.

We cannot consider upon these appeals the question as to whether or not the consolidation was proper under the statute, for the reason that appellant himself caused the consolidation to be made. The legality of the consolidation of actions will not be reviewed by this court unless excepted to at the time and brought to this court by the party excepting. Appellant could not take such exception, having caused the consolidation to be made, and upon these appeals we cannot consider any exceptions of respondent.

If, aside from the question of costs, the judgments rendered were warranted by the pleadings and proofs, this court would

have the power to order them to be modified as to costs, and, as modified, affirmed; but we are satisfied that the court erred in entering the decree in the equitable suit, and therefore the judgments must be reversed.

Appellant insists that the complaint in the equitable suit does not state facts sufficient to constitute a cause of action, or to entitle respondent to the cancellation of the note and mortgage. If this position is well taken, the court below erred in rendering the decree. The equitable suit, as before stated, was for the primary purpose of having the note and mortgage surrendered for cancellation; injunctions were asked as incidental to this relief.

The cancellation was demanded upon allegations which are, briefly, in substance as follows: That plaintiff was in possession of certain sheep belonging to defendant, under a contract to care for and run the same; that by the terms of this contract the parties thereto were to bear "certain expenses connected with the running of said sheep"; that defendant fraudulently represented to plaintiff that it would be necessary for plaintiff to "execute a chattel mortgage on his property in order that moneys might be procured to defray the expense of running said sheep for the year beginning on said June 28, 1900"; that "by said representations the defendant fraudulently induced the plaintiff to execute a note and chattel mortgage, and the plaintiff, relying upon such fraudulent representations," executed and delivered the note and mortgage in question; that, at the time the note and mortgage were given, plaintiff was not indebted to defendant in any sum; that "it was then and there understood and agreed that the defendant would from time to time advance to the plaintiff the moneys necessary to defray the expenses in running the sheep, to the amount of $1,900 or over"; that, immediately after the execution of the note and mortgage, defendant violated the contract for running the sheep, and "then and there took possession of all said sheep and removed them," and has kept them ever since, and refused to allow plaintiff to run or care for them or exercise any control over them, "without any

fault of plaintiff, and against his will and consent"; that "there was no consideration whatever for the execution or delivery of the said promissory note or chattel mortgage," and that "the defendant never advanced any sums of money whatever to the plaintiff on account of said promissory note or mortgage."

These are all the allegations of the complaint upon the cause of action for cancellation; all the others have reference to the issuance of injunctions. It is perceived that there is no allegation of the insolvency of the defendant, no allegation that plaintiff did not have an adequate remedy at law, and no allegation that defendant threatened to dispose of the note before maturity to a *bona fide* purchaser, but, on the contrary, the allegation "that the defendant has the possession of said promissory note, and refuses to deliver the same to plaintiff." It is very plain that there is no allegation of any fraudulent act or conduct on the part of defendant sufficient to warrant the court in canceling the note and mortgage. The most that can be said of the allegations is that plaintiff claims and alleges failure of the consideration of the note. The consideration alleged was the advancement of money from time to time under a certain contract, that defendant violated the said contract and refused to carry out the same, and that he did not advance the defendant any money. This is simply an allegation of the making of a contract by the defendant, and the breach thereof, for which the defendant was liable to the plaintiff in damages. The facts alleged in the complaint as above recited would simply furnish the plaintiff a defense to an action on the note by the defendant and for a foreclosure of the mortgage. If the property should have been seized under the chattel mortgage, plaintiff would have had a right, under such facts, to maintain an action of claim and delivery for their possession, or an action in conversion for their value. There having been an adequate remedy at law against the note and mortgage in the hands of defendant, equity cannot intervene for the cancellation of said instruments. The remedy of plaintiff was either an action against the defendant for damages for a breach of his contract, or a defense to any

suit which the defendant might bring on said note and mort-
gage.

It may be claimed that the note was not yet due, and was ne-
gotiable. If the plaintiff had alleged in his complaint that the
defendant was about to sell or dispose of the note to a *bona fide*
purchaser, which would cut off his defense to the note in a suit
by defendant, there might have been some merit in the fact that
the note was negotiable and not yet due, but not a solitary alle-
gation tending even to show such facts was made in the com-
plaint.

We are of the opinion that the complaint in the equity action
did not state facts sufficient to entitle the plaintiff to the relief
demanded, and therefore that the decree entered in said action
by the court was erroneous.

As above stated, the consolidated suit was simply one suit,
and only one judgment could be entered therein. The fact that
the decree in the equity suit was entered erroneously is sufficient
to reverse all judgments appealed from and direct a new trial.
It therefore becomes unimportant to consider the questions as
to whether the statement on motion for a new trial in the suit
at law was settled in time, or whether the court erred in refus-
ing the nonsuit to plaintiff's first cause of action in the suit at
law, or whether the court erred in overruling the defendant's
motion for a new trial in the equity suit, or whether we have a
right to consider the sufficiency of the evidence where the record
does not disclose that it contains all the evidence. We remark,
however, that, under the statute providing for the settlement of
statements and bills of exceptions, it is the duty of the court
settling the same to cut out all immaterial evidence, so that if
the bill of exceptions or statement appears to contain all ma-
terial evidence, or the substance thereof, given on the trial of
the case—referring to the points brought before this court for
review—we have full power and authority to consider the in-
sufficiency of the evidence, if properly specified.

We advise that the judgments appealed from be reversed, and
the cause remanded with instructions to the district court that

it first determine whether the two original suits can be consolidater under the statute, and, if it is of the opinion that they cannot be consolidated, to set aside the order of consolidation as now made, and require the actions to be tried separately. If the court below is of the opinion that the original suits can be consolidated, we advise that it try the consolidated suits as a single suit—hearing the equitable suit first and then the action at law—and enter a single judgment settling all the controversies involved.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgments are reversed, and the cause is remanded with instructions to the court below that it first determine whether the two original suits can be consolidated under the statute, and, if it is of the opinion that they cannot be consolidated, to set aside the order of consolidation as now made, and require the actions to be tried separately. If the court below is of the opinion that the original suits can be consolidated, we advise that it try the consolidated suits as a single suit, consisting of various causes of action—hearing the equitable suit first and then the action at law—and enter a single judgment settling all the controversies involved.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.

Rehearing denied.