The judgment is therefore affirmed.

HILL C. J. and McCULLOCH J. dissent.

------

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* HARDEN.

Opinion delivered June 17, 1907.

ACTIONS—CONSOLIDATION.—Where a passenger, while carrying his infant child across a railway platform, fell and was injured, and brought two actions against the railroad company one for his own injuries and the other for the injuries to the child, it was not an abuse of discretion, the main issues in the two cases being the same, to order them to be tried together, as provided by the act of May 11, 1905.

Appeal from Saline Circuit Court; *A. M. Duffie,* Judge; affirmed.

In November 1905 D. C. Harden moved with his family from Waco, Texas, to Hot Springs, Arkansas. When they arrived at Texarkana, they took passage from there to Hot Springs over the defendant's railway.

Idessa Harden, a daughter of plaintiff, who at that time was not quite eighteen years of age, was an invalid, and D. C. Harden, her father, undertook to carry her in his arms from the train to the waiting room of the depot at Benton, Arkansas, where they changed cars for Hot Springs. It was about eight o'clock at night, and, while crossing the platform with his daughter in his arms on his way to the waiting room, he stepped into a hole in the platform, causing him to fall, with the result that he and his daughter were both injured. Each of them brought an action against the company to recover damages. When the cases came up for trial, the plaintiffs in the two cases filed a motion to consolidate the two cases, and the court entered an order consolidating the two cases "for the purposes of this trial." The defendant objected to this order, and saved its exceptions.

The two cases were then tried together, and the jury returned a verdict in each case for the plaintiff, as follows:

"We the jury find for the plaintiff D. C. Harden in the sum of fifteen hundred ($1500) dollars. J. J. Steed, foreman."

"We the jury find for the plaintiff Idessa Harden in the sum of seven hundred ($700) dollars. J. J. Steed, foreman."

Judgment was rendered in each case accordingly, and the defendant appealed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

*Wood & Henderson,* for appellees.

The act clearly authorizes a consolidation where cases are of *like nature* or relative to the same question. It does not restrict the consolidation to cases where the plaintiffs are the same, and when the Legislature makes no exceptions the courts can not. 46 Ark. 37. And it was within the discretion of the

court to order the consolidation of the cases for trial under the act.   145 U. S. 293.

RIDDICK, J., (after stating the facts.)   We do not find any error in the trial of these cases, and the only question requiring notice relates to order of the court consolidating the cases for the purposes of the trial.

Our statute provides that "when causes of action of like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs and delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."   Act of May 11, 1905.

We are of the opinion that under this provision of the law it was within the discretion of the court to consolidate these two cases for the purpose of the trial.   Where the parties to the actions are not the same, it may not be quite accurate to speak of such an order as a consolidation of the two cases.   8 Cyc. 597.

Where either the plaintiffs or defendants in the two actions are different, the two actions are not consolidated, but for the purpose of convenience and to save costs are tried together. While the order in this case directs that the two cases be "consolidated for the purposes of this trial," the two cases were kept separate, and a separate verdict returned, and a separate judgment rendered in each case.   So the effect of this order was not, strictly speaking, a consolidation of the cases, but only an order that they be tried together.   There was no error in this, for the main issues in the two cases were the same. The damages that were assessed were of course distinct and separate, and there was a further question whether, if the evidence had shown that the father was guilty of contributory negligence in stepping in the hole in the platform, his negligence would have been imputed to the daughter whom he carried in his arms.   The defendant contended that, if the father was negligent, the daughter must in law be held to be negligent also, and that in this respect the cases were the same. The presiding judge held that the negligence of the father could not be imputed to the daughter, but the verdict of the jury was that neither of them was negligent, and that question was thus

eliminated. The question of the damages suffered by these parties was not so conflicting as to justify us in holding that the trial court abused his discretion in ordering these cases tried together, or, in other words, consolidated for the purpose of trial only. *St. Louis, I. M. & S. Ry. Co.* v. *Broomfield, post* p. 288; *Mutual Life Insurance Co.* v. *Hillmon,* 145 U. S. 293.

It is only under exceptional circumstances that cases where the parties are different can be tried together without risk of prejudice to the rights of some of the litigants, but in these two cases the main issue that determined the liability of the defendant was the same in each case, and for that reason, as before stated, we do not think the trial judge went beyond the scope of the statute in ordering them tried together.

The evidence seems to us to make out a clear case of negligence against the defendant, and in our opinion fully justified the jury in finding that the defendant was responsible for the injuries suffered by plaintiffs.

Judgments affirmed.