MILLER v. BAILLARD.

(Supreme Court, Appellate Division, Second Department.　February 28, 1908.)

1. ACTIONS—CONSOLIDATION—ACTIONS WHICH MAY BE CONSOLIDATED—POWER TO CONSOLIDATE.

Code Civ. Proc. § 817, authorizes a consolidation of two or more actions in favor of the same plaintiff and against the same defendant for causes of action which may be joined. Plaintiff brought an action in the Supreme Court for a sum paid defendant to construct a machine, and defendant admitted the receipt of the money, but claimed a lien thereon for services and materials furnished, and thereafter sued plaintiff in a cross-action in the Municipal Court for the value of such services and materials, and plaintiff in the first action pleaded a general denial and a counterclaim for the amount claimed in the original suit.　*Held,* that the two causes of action were different, and the plaintiffs therein were not the same, and hence an order consolidating the two actions and transferring them to the Supreme Court was not authorized by the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 662–675.]

2. SET-OFF AND COUNTERCLAIM—GROUNDS—CROSS-ACTION—ACTIONS IN WHICH
REMEDY IS AVAILABLE.
   Defendant was not compelled to plead his right of action as a counter-
claim to the first suit, but was entitled to bring a cross-action in the
Municipal Court.

Appeal from Special Term, Suffolk County.

Action by Clara B. Miller against Edward V. Baillard. From an
order removing to the Supreme Court a subsequent cross-action by
defendant, brought in the Municipal Court, and consolidating it
with this action, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

Henry T. Stetson, for appellant.
I. S. Lambert, for respondent.

MILLER, J. The action in the Supreme Court was brought to re-
cover the sum of $200 alleged to have been paid to the defendant to
construct a certain machine for the plaintiff; it being averred that the
defendant had neglected and refused to deliver the machine. The de-
fendant for answer admitted the receipt of the $200, and pleaded as
a defense that he had a lien on said machine for services rendered
and materials furnished of the value of $380.70, of which the sum of
$13.20 had been paid. Subsequent to the commencement of the Su-
preme Court action the defendant in that action sued the plaintiff
in the Municipal Court to recover the sum of $367.57, and the de-
fendant in the Municipal Court action pleaded a general denial and
a counterclaim for said sum, to recover which said action in the Su-
preme Court was brought.

It is undisputed that the order appealed from was not justified,
unless authorized by said sections 817 and 818, Code Civ. Proc. Sec-
tion 817 authorizes consolidation "where two or more actions, in
favor of the same plaintiff against the same defendant, for causes of
action which may be joined, are pending." The appellant asserts that
the plaintiffs in the two actions are not the same, and that the de-
fendants are not the same, the plaintiff in one being the defendant in
the other; and the respondent meets this argument by saying that the
defendant in the Municipal Court action set up a counterclaim for
the same cause of action alleged by her in the Supreme Court ac-
tion, and that, while nominally defendant in the Municipal Court
action, so far as her counterclaim is concerned, and for the purposes
of the code sections referred to supra, she is to be regarded as a
plaintiff. I think the purpose of the statute was to prevent a plain-
tiff from harassing a defendant by prosecuting different suits for
causes of action which could be joined. While the defendant in the
Municipal Court action may be regarded as plaintiff, so far as her
counterclaim is concerned, that cause of action is not one which could
be joined with the cause of action alleged in her complaint in the
Supreme Court action. It is the identical cause of action. Instead
of consolidating two such actions, the pendency of one could be
pleaded in bar of the other. The defendant did not see fit to plead
his cause of action as a counterclaim in the Supreme Court action,

but alleged as a defense that he had not broken his contract by failing to deliver, for the reason that he had a right to retain the machine until his lien was discharged. He had a right to bring a cross-action, and he chose to bring it in a court where he could get a speedy trial. Brown v. Gallaudet, 80 N. Y. 413; McGrath v. Maxwell, 17 App. Div. 246, 45 N. Y. Supp. 587; Consolidated Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723; Jordan v. Underhill, 91 App. Div. 124, 86 N. Y. Supp. 620; Jones v. Leopold, 95 App. Div. 404, 88 N. Y. Supp. 568.

Indeed, it would seem that the respondent might well have commenced her action in the Municipal Court, where doubtless all of the issues would speedily have been disposed of in one action, as can now be done in the action brought by the appellant in the Municipal Court, if that action be restored to the Municipal Court, because the pleadings in that action raise all the issues between the parties. Two different causes of action are involved—the Supreme Court action, which turns solely on whether the defendant had broken the contract, and the Municipal Court action, brought to recover the value of services rendered and materials furnished. In those two actions the plaintiffs are not the same. The only effect of the consolidation was to compel the defendant to plead as a counterclaim a cause of action for which he had a right to bring a cross-action, and to transfer the Municipal Court action, in which all of the issues between the parties could be speedily tried, to the Supreme Court, where so speedy a trial cannot be had. We think the order was not authorized by said section 817 of the Code of Civil Procedure (Mayor v. Coffin, 90 N. Y. 312), and that, even if authorized, the discretion to grant it was unwisely exercised in this case.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.