## SHEA v. OUSSANI.

(Supreme Court, Appellate Term. February 15, 1912.)

ACTION (§ 58*)—CONSOLIDATION OF ACTIONS—CONDITIONS.
    Since the purpose of the statute authorizing the consolidation of actions was to prevent plaintiff from harassing defendant by prosecuting different suits for causes of action which could be joined, upon ordering the consolidation of four actions between the same parties it was improper to impose upon defendant the costs of motion to consolidate, and provide that plaintiff should recover costs in all four actions if successful.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 676–689; Dec. Dig. § 58.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from City Court of New York, Special Term.

Action by Patrick J. Shea against Joseph Oussani. From a part of an order consolidating four actions, defendant appeals. Affirmed, as modified.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Katz & Sommerich (Maxwell C. Katz and Otto C. Sommerich, of counsel), for appellant.

Burnstine & Geist (A. Joseph Geist, of counsel), for respondent.

GUY, J. The defendant appeals from so much of an order of the City Court consolidating four actions brought by plaintiff against de-fendant as provides that the order is granted—

"upon condition that within five days defendant pay the plaintiff's attorney herein $10 costs of this motion; and it is further ordered that, if successful herein, the plaintiff tax costs and disbursements in all actions to date."

The four actions were on four separate promissory notes, all of which were past due at the time of the commencement of the first action, and the answer in each case contains, with slight and immaterial modifications, the same defenses and counterclaims. The purpose of the statute was to prevent a plaintiff from harassing a defendant by prosecuting different suits for causes of action which could be joined." Miller v. Baillard, 124 App. Div. 555, 108 N. Y. Supp. 973. The imposing of terms upon defendant was therefore improper; also the provision that, if successful, the plaintiff should be entitled to tax costs in all four actions.

The order should therefore be modified, by striking out that part of the order appealed from, and, as so modified, affirmed, without costs, but with disbursements to the appellant. All concur.