T. BLUMENTHAL & Co., INC., Respondent, *v.* THEO. TIEDEMANN & SONS, INC., Appellant.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1922.

**Jurisdiction — City Court of New York without power to remove and consolidate action pending in Municipal Court.**

The power to remove and consolidate actions exists only by virtue of a statute; it is not inherent even in a court of general jurisdiction.

After an action to recover for breach of warranty upon a sale of goods had been commenced in the City Court the defendant brought an action in the Municipal Court to recover the purchase price of the same goods. The answer in the latter action set up as a defense and counterclaim the breach of warranty relied upon in the other action. After service of notice of trial by plaintiff in the Municipal Court action the plaintiff in the City Court action obtained an order removing the action from the Municipal Court and consolidating both actions in the City Court. *Held,* that there being no express statutory provision which warrants such an order, the same will be reversed and the motion therefor denied.

*It seems,* that sections 96, 97 and 1572 of the Civil Practice Act are not broad enough to confer jurisdiction to remove an action pending in one court of record to another court of record not the Supreme Court.

APPEAL by defendant from order of the City Court of the city of New York granting plaintiff's motion to consolidate this action with an action brought by the defendant against the plaintiff herein in the Municipal Court of the city of New York.

*Gould & Wilkie (Charles G. Keutgen,* of counsel), for appellant.

*Ivan E. Maginn,* for respondent.

GUY, J.   This action is to recover $1,702.75 damages for breach of warranty upon a sale and delivery of goods by defendant to plaintiff.   Within a few days after the service of the summons herein the defendant brought an action against the plaintiff in the Municipal Court of the city of New York to recover $957.21 for the purchase price of the same goods.   The defendant in the Municipal Court action (the plaintiff in this City Court action) in its answer sets up as a defense and counterclaim the breach of warranty relied upon as a cause of action herein.   After the notice of trial was served by plaintiff in the Municipal Court action the plaintiff in this action applied to the City Court for an order removing the action from the Municipal Court and consolidating both actions in the City Court, and from the order granting the motion the defendant in this action appeals.

The power to remove and consolidate actions depends upon the jurisdiction of the court seeking to exercise the power, and it is not inherent even in a court of general jurisdiction.   It exists only

by virtue of statute. *Miller* v. *Baillard*, 124 App. Div. 555. This is particularly true in the case of the City Court of the city of New York, which is a local court of limited jurisdiction. *Lewkowicz* v. *Queen Aeroplane Co.*, 154 App. Div. 142; affd., 207 N. Y. 290. The purpose of sections 817 and 818 of the Code of Civil Procedure (Civil Practice Act, §§ 96, 97), relied upon by the respondent in connection with section 3347 of the Code (Civil Practice Act, § 1572), in support of the theory upon which the order appealed from is based, is to prevent a plaintiff from harassing a defendant by prosecuting different suits for causes of action which could be joined. *Miller* v. *Baillard*, *supra*.

The respondent has failed to call our attention to any express statutory provision which warrants the order appealed from. It is true that prior to the adoption of the Municipal Court Code and the raising of the *status* of that court to that of a court of record the power was given to the City Court on the filing of an undertaking by the party seeking leave, to remove a case from the Municipal Court to the City Court and consolidate it with another action between the parties pending in the City Court (*Curley* v. *F. & M. Schaefer Brewing Co.*, 35 Misc. Rep. 131), but the power thus conferred by the statute no longer exists, and the provisions of sections 96, 97 and 1572 of the Civil Practice Act do not seem broad enough to confer the jurisdiction assumed in this case of removing an action pending in one court of record — the Municipal Court — to another court of record not the Supreme Court.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

WHITAKER and MARTIN, JJ., concur.

Order reversed.