MRS. R. W. LAWING *v*. MRS. AUGUSTA SCHAUFFLU.

(*Nashville*.   December Term, 1930.)

Opinion filed February 7, 1931.

Ewing Clouse, for plaintiff in error.

Wiseman & Todd, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

The trial court sustained a plea in abatement to the attachment and dismissed the suit. Thereupon Mrs. Lawing, defendant in the attachment suit, filed a motion, in writing, to hear proof and assess her damages for the wrongful issuance and levy of the attachment. The motion was denied, without prejudice, however, to the right of Mrs. Lawing to bring an original suit upon the attachment bond. Mrs. Lawing has appealed and assigns the action of the trial court in disallowing her motion for error.

So far as we are aware this practice has never been sanctioned in this State, and we have no statute

authorizing it. The general practice is to institute a separate suit on the attachment bond: Shinn on Attachment, section 182; Wade on Attachment, volume 1, section 295; *Mahoney* v. *Tyler,* 136 N. C., 40; *Carver* v. *Shelly,* 17 Kan., 473; *Kerr* v. *Hyman,* 6 Hawaii, 300.

While the two actions are related they are separate and distinct, and there is no provision under common law procedure for joining or combining two suits.

To meet this situation, and in order to prevent a multiplicity of suits, growing out of the same transaction, Courts of Chancery, at an early date, in order to extend their jurisdiction, adopted among others, the following equitable maxims, to-wit:

"When Chancery has jurisdiction for one purpose, it will take jurisdiction for all purposes;" and, "Equity delights to do complete justice, and not by halves." Gibson's Suits in Chancery (Chambliss Ed.), 50-51.

Upon this authority a court of equity, having taken jurisdiction of the cause for the purpose of injunction, or to restrain or abate a nuisance, or to attach property, may decide the whole controversy, its jurisdiction to award damages being incidental to its jurisdiction of the main subject. *Richi* v. *Chattanooga Brewing Co.,* 105 Tenn., 653; *Macheca* v. *Panesi,* 72 Tenn., 544.

In the last named case, goods of Panesi were attached by a bill filed in the Chancery Court. Upon the dismissal of the bill, on motion of Panesi, his damages were ascertained upon an order of reference.

In affirming the decree of the Chancellor this court said:

"Panesi, by his motion, became the actor or plaintiff. The motion is an independent suit, and is a substitute for an action at law upon the attachment bond. The pro-

ceedings under it are distinct from the original cause, though growing out of it. The party complaining has his election to proceed, either by motion before the court that passed upon the original cause, or by suit at law upon the bond." Counsel for plaintiff in error rely upon the last sentence quoted above as an authority for assessing damages, in a court of law, upon motion. Manifestly the court was referring to attachment suits in equity, like the one it was considering, the holding being that in such a cause the defendant could proceed in equity by motion, or by original suit at law upon the bond.

In our opinion it was not the purpose of the court to pass upon the question involved in the instant case; that question was not involved, and any statement relative thereto would have been dictum.

Counsel further insist that sections 5347, 5348 of Shannon's Code, taken from the Code of 1858, are authority for assessing damages at law upon motion. From the language employed, in conjunction with the other sections of the Chapter, authorizing summary judgments by motion, it is apparent that these statutes refer to judgments, by motion, against delinquent officials, and have no relation to the question we are here considering.

The trial court reached a correct result and his judgment will be affirmed.