FERRON, Respondent *v.* INTERMOUNTAIN TRANSPOR-
TATION COMPANY et al., Appellants.

(No. 8331.)

(Submitted October 6, 1943.   Decided December 3, 1943.)

[143 Pac. (2d) 893.]

*Messrs. R. H. Glover, S. B. Chase, Jr.,* and *John Stephenson,* for appellants,

*Mr. S. B. Frisbee, Messrs. Coburn & Werner* and *Messrs. Hall & Alexander,* for Respondents,

MR. JUSTICE MORRIS delivered the opinion of the court.
This is an appeal from an order granting a new trial.

September 18, 1940, an Intermountain Transportation Company bus on a run from Butte to Great Falls on Highway No.

91, with Morris Hoyle driving, stopped about a mile before reaching the town of Cascade for the purpose of investigating a car in the ditch at the side of the highway and to render such assistance as might be needed. It was about five o'clock in the morning, and snowing slightly. While the bus was standing on the right side of the highway, taking up most of the road on that side of the white center line, a car, driven by Argie Ferron with the owner of the car, Glen D. Shelton, as a passenger, also driving from Butte to Great Falls, crashed into the rear of the bus. Ferron was killed and Shelton subsequently died after being taken to a Great Falls hospital.

Mary McAdam Ferron, guardian of the person and estate of Argie Ferron, an infant, the only child and heir at law of Argie Ferron, deceased, commenced an action against the bus company and Hoyle to recover $40,000 for and on behalf of the minor child. About the same time James Shelton, father of Glen D. Shelton, deceased, was appointed administrator of Glen D. Shelton's estate, and commenced an action on behalf of the heirs at law of such deceased against the bus company for $27,500, for and on account of the death of Glen D. Shelton. This action was against the bus company alone. Selden S. Frisbee and Coburn and Werner of Cut Bank, and Hall & Alexander of Great Falls were counsel for the plaintiff Mary McAdam Ferron, guardian, and the law firm of Church & Jardine was counsel for the plaintiff Shelton.

When the two cases came on for trial the district court granted a motion of the defendants to consolidate the two actions. Counsel for both plaintiffs objected to the consolidation on numerous grounds, which were overruled. Several days were consumed in the trial of the actions and settlement of the instructions. When the testimony and other evidence on behalf of the plaintiffs was all in, and the plaintiffs rested, the defendants by separate motions in each case moved for nonsuit and dismissal of the actions. After arguments the motions were denied. When the evidence was all in and both parties had rested, defendants moved for directed verdicts which were also

denied. Both cases then went to the jury under instructions, and a verdict was returned in each case in favor of the defendants.

In due course both plaintiffs moved for a new trial. Thereafter on November 29, 1941, defendants filed an affidavit of disqualification of the trial judge, and the Hon. R. M. Hattersley, judge of the Ninth Judicial District, was designated to preside in the actions, assumed jurisdiction, and thereafter on December 6, 1941, arguments on the motions for new trials were had. January 2, 1943, Judge Hattersley made and entered an order in each case granting a new trial. From such orders the defendants appeal. The sole error assigned in each case is on the court's granting plaintiffs' motion for the new trials.

The evidence on the merits of the actions is incorporated in the transcripts before us, but no consideration will be given to that phase of the controversy as the merits of the actions are not involved in the questions before us. The sole matter to be determined is as to whether or not the presiding judge committed error in granting the motions for new trials. We are satisfied that he did not. This conclusion is based upon our construction of section 9820, Revised Codes, which provides: "Whenever two or more actions are pending at one time between the same parties and in the same court, upon causes of action which might have been joined, the court may order the actions to be consolidated." The two actions before us are not "between the same parties," and they are not, in our opinion, such "causes of action" as are referred to in section 9130, Revised Codes. In the *Ferron case* Hoyle, the bus driver, was made a joint defendant along with the bus company. In the *Shelton case* the action was against the bus company alone. Counsel for neither plaintiff was in any way interested in the action of the other plaintiff.

We know of no statute or rule of law in this state that may be applied to compel two plaintiffs represented by separate counsel to join together in litigation over their separate

objections promptly made. We will go further and say that it is our view that under our laws counsel for no one may be hampered nor in any way restricted or limited in the preparation of his case, the selection of a jury, submission of evidence, objection to evidence offered by his adversary, settlement of instructions, nor as to any other matter wherein he is entitled to use his own judgment in protecting the interests of his client. In the *Shelton case* the suit was brought on behalf of "heirs at law" of the deceased, the record showing that such heirs were his father and mother. In the *Ferron case* the suit is in behalf of a minor child. Transcripts were furnished in each case and a good portion of each transcript has to do with the particular case and much of the evidence is immaterial as to the other. Counsel for Ferron made numerous exceptions to the admission of testimony of witnesses and the admission of numerous exhibits that were not objected to by counsel for Shelton, and counsel for Shelton expressly took an opposite view as to the adoption of certain instructions which were objected to by counsel for Ferron. When counsel for two separate plaintiffs disagree, as here, it strengthens the cause of their common adversary. We do not think our statute intends that counsel for one plaintiff may be forced into co-operation with counsel for another plaintiff over his objection.

When it came to the selection of the jury, each plaintiff was allowed four peremptory challenges, and the defendants eight. Both plaintiffs objected to the defendants being allowed more than four such challenges, but the objections were overruled, and defendants were allowed eight. We think this violated the provisions of section 9343, Revised Codes, and was prejudicial error. It is our view that when cases are properly ordered consolidated for trial they become a single action so far as selecting a jury is concerned. Each of the parties plaintiff and the parties defendant, irrespective of the number making up such parties, were entitled, collectively, to four peremptory challenges, and no more. (See *Mullery* v. *Great Northern R. Co.,* 50 Mont. 408, 148 Pac. 323.)

We are not impressed with the distinction made by defendants as to the "three classes" of consolidation at common law. Such distinctions, it appears to us, have largely arisen from the fact that many states have no statutory provision governing consolidation or for other similar reasons and many states that have such statutes containing provisions that are materially different from ours.

Our investigation of the numerous authorities, both text-writers and court decisions, convinces us that there are two distinct rules relative to consolidation: One stemming from such statutes as our section 9820, Revised Codes, which specifically mentions certain essential details, such as the provision relative to the parties, and the other from the federal statutes which is general in nature, and, in effect, leaves the question of consolidation entirely to the discretion of the trial court. From these separate sources of authority relative to consolidation all rules on consolidation appear to arise. The conflict is referred to in *Yardley* v. *Rutland R. Co.*, 103 Vt. 182, 153 Atl. 195, later adverted to.

"There is no provision under common-law procedure for joining or combining two suits" (*Lawing* v. *Schaufflu,* 162 Tenn. 79, 34 S. W. (2d) 1055, 85 A. L. R. 633), and section 9820, Revised Codes, supra, is the only express provision in our Codes on the subject. Other provisions of our Codes however indicate the correct procedure by their general terms. Section 9130, Revised Codes, specifies what causes of action a plaintiff may join in one complaint, but says nothing about consolidation of actions. Section 9083 provides that: "Of the parties to the action, those who are united in interest may be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, * * *." While this section does not apply to actions such as are referred to in section 9820, it strongly indicates that independence of action to which we think all litigants are entitled.

Section 9820, Revised Codes, has not heretofore been construed

by this court relative to the precise question here involved, but in the case of *Handley* v. *Sprinkle,* 31 Mont. 57, 63, 77 Pac. 296, 297, 2 Ann. Cas. 531, it was said in reference to section 1894 of the Code of Civil Procedure of 1895, now section 9820, Revised Codes, that: ''It is apparent that the purpose of this provision is to compel a party having different causes of action against 'another, which might be joined in one suit, to include such causes of action in one suit, so as not to vex the defendant with several suits and place the burden of extra costs upon him.'' The avoidance of several suits appears to be the primary purpose of the section. It was further held in that case that ''under our statute * * * there can be but one judgment in the consolidated suit.'' As we read the record in the instant case, two separate judgments were made and costs allowed in each.

Our section 9820 was adopted from California Code Civil Procedure, section 1048, which was enacted in 1872, and the California Act was based upon the New York Civil Practice Act Sec. 526 (New York Code Sec. 167). California's section was the same as ours until amended in 1927. After the amendment the California statute was made substantially the same as the federal statute. The clause ''between the same parties'' was eliminated and consolidation was left entirely to the discretion of the trial court. Utah also adopted the old California section and that state has the same statutes as we have. In the case of *New York Jobbing House* v. *Sterling Fire Ins. Co.,* 54 Utah 394, 182 Pac. 361, 363, the Supreme Court of that state said: ''Comp. Laws 1917, section 7219, having prescribed the rule of procedure in consolidation of cases, we think the court had no power to consolidate the several actions against the defendants for the purpose of trial unless the statute was complied with. This court held in the case of *Rio Grande Western Railway Co.* v. *Salt Lake Investment Co.,* 35 Utah 528, 101 Pac. 586, that section 5839, declaring, 'The Revised Statutes established the law of this state respecting subjects to which they relate,' as controlling upon the courts, and the law there announced has been controlling in numerous decisions of this

court since to the same effect." (See note in 2 Ann. Cas. 531, supra.)

It is quite clear that the decision in *Yardley* v. *Rutland R. Co.*, supra [103 Vt. 182, 153 Alt. 196], expressed an obvious fact where, after reviewing the conflicting authorities on the question of consolidation, it was said that: "The result is that no universal, or general, rule, is deducible from the authorities. * * * unless otherwise provided by statute, questions respecting such procedure are addressed to the discretion of the trial court, * * *" The discretion of the trial court in the premises in this jurisdiction is governed by section 9820, supra, and cited cases in support of one side of the question or the other are not, we think, pertinent here unless grounded upon statutes like or substantially similar to ours. Taking this conclusion as a basis it follows that all federal cases being governed by a statute general in nature must be eliminated as not pertinent here. The federal statute, section 734, Title 28 of the U. S. C. A. p. 352 provides: "When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

When this federal statute is compared with ours, material differences are at once apparent. The federal statute vests the power in the court limited only by the trial court's judgment as to whether or not consolidation "appears reasonable." Our statute permits consolidation when the actions are "between the same parties and in the same court," and the causes of action must be such as might have been joined. The California statute from which we adopted our section 9820 prior to the 1927 amendment as heretofore mentioned was adopted from the New York section 817, which appears in the 1913 Codes of that state. Gilbert's New York Civil Practice Act of 1922 carried forward the substance of section 817 into section 96,

combined with other kindred sections, and in a note to section 96 explanatory of its purpose it is there said, "Actions can be consolidated only where they are in favor of the same plaintiff and against the same defendant," and further states in such note that "The purpose of this section is to prevent a plaintiff from harassing a defendant by prosecuting different suits for causes of actions which could be joined." (Citing *Miller* v. *Baillard,* 124 App. Div. 555, 108 N. Y. Supp. 973.) Such purpose is essentially the same as that of our Code section as construed by this court, supra. In *Pierce* v. *Mutual Life Ins. Co.,* Sup. S. T., 190 N. Y. Supp. 50, it was said under Code Civil Practice 817: "Actions in which the plaintiffs are different cannot be consolidated."

Defendants cite *Ramswick* v. *Messerer,* 200 Minn. 299, 274 N. W. 179, in support of their contention that the two actions here consolidated retain their separate character and that the Minnesota statute is similar to ours. The first sentence of the Minnesota statute is in fact precisely the same as ours. The second sentence is an addition that goes into a wider field, but the statute is of no importance in that case nor here. The court in that case expressly went outside the statute and held that the court had "inherent power" to consolidate the actions irrespective of statutory authority. We are not inclined to appeal to the "inherent powers" of the court to supply a mode of procedure in preference to that provided by our statutes. The case of *Giguere* v. *Yellow Cab Co.,* 59 R. I. 248, 195 Atl. 214, also cited by defendants, is not applicable here for the same reason as that which makes the Minnesota rule inapplicable.

On the question of inherent power of courts in the premises, in the case of *T. Blumenthal & Co.* v. *Theo. Tiedemann & Sons,* 118 Misc. 560, 194 N. Y. Supp. 86, 87, it was said: "The power to remove and consolidate actions depends upon the jurisdiction of the court seeking to exercise the power, and it is not inherent even in a court of general jurisdiction. It exists only by virtue of statute." (Citing *Miller* v. *Baillard,* supra.)

In *Ortman* v. *Union Pac. Ry. Co.*, 32 Kan. 419, 4 Pac. 858, 860, a landowner appealed from the valuation fixed by a commission for land that had been appropriated by the defendant, and the landowner's tenant also sued the railway company for damages to the leased premises; the cases were consolidated for trial over objection of both plaintiffs. The court said: "* * * We perceive no justifiable ground for the order of the court requiring them to be tried together. * * * As a matter of convenience and economy, it might be well for several cases upon the same general subject to be considered and determined by the same jury, *if all the parties thereto consent;* but, in the absence of such consent, there is no authority in the statute to try separate and distinct appeals of this class together." (Italics Supplied).

Defendants cite certain Washington cases on consolidation. The state of Washington has no statute similar to our section 9820 and decisions of that jurisdiction as to consolidation are based upon court rule and the discretionary power of the court and are not pertinent here.

In the case of *St. Louis, I. M. & S. R. Co.* v. *Harden*, 83 Ark. 255, 103 S. W. 614, 615, it was said: "It is only under exceptional circumstances that cases, when the parties are different, can be tried together without risk of prejudice to the rights of some of the litigants." We find no statute in the laws of Pennsylvania on consolidation and their decisions allowing consolidation are not pertinent here. (See *Azinger* v. *Pennsylvania Ry. Co.*, 262 Pa. 242, 105 Atl. 87. See, also, "Consolidation of Actions" in note on page 508 of 58 Am. Dec.)

We find no merit in defendants' contention that section 9820 "does not apply to consolidation for trial." We think it means that two actions cannot be consolidated in any particular over the objection of two seperate plaintiffs represented by separate counsel.

In *Handley* v. *Sprinkle*, supra, it was said, in effect, that the purpose of section 9820, Revised Codes, was to prevent a multiplicity of actions. We think that ruling may be a little

too narrow. Our view is that it was intended to prevent a multiplicity of actions between the same plaintiff and the same defendant where different causes of action could all be properly incorporated in a single complaint as provided by section 9130, supra. When we consider the question as to whether or not "the actions were such as could be consolidated" the intent of section 9130 is important. (See *St. George* v. *Boucher*, 84 Mont. 158, 274 Pac. 489.)

We think 1 C. J. S., Actions section 109, page 1343, correctly summarized the many conflicting authorities on consolidation where it says: "*Independent of statutory authority*, courts of general jurisdiction have inherent power to consolidate different actions when the circumstances authorize such course * * *. In many jurisdictions consolidation of actions is expressly authorized, either generally or under certain conditions by statutory provisions. *Such statutes in the jurisdictions where they are in force are the sole authority authorizing the consolidation of actions*, they being exclusive, not cumulative of the common-law authority, so that in so far as the statutes impose any special requirements or restrictions or conditions with regard to the right it must be exercised in conformity thereto." (Italics Supplied).

At the hearing in this court defendants, by permission, filed additional authorities touching the question of consolidation as follows: *Russell* v. *Johnson*, Ind. Sup., 46 N. E. (2d) 219; *Kennedy* v. *Empire State Underwriters*, 202 S. C. 38, 24 S. E. (2d) 78; *Black Hawk Motor Transit Co.* v. *Illinois Commerce Commission*, 383 Ill. 57, 48 N. E. (2d) 341. With the exception of the Illinois case, all are from states which have no statute on the subject of consolidation that we have found. The Illinois statute is in general terms quite similar to the federal statute and leaves the matter entirely to the trial court's discretion, and none of such cases is controlling here. The South Carolina decision, however, sustains our position. It was said in that case, "There can be no consolidation of independent actions at law where the parties are not the same, * * *."

We deem it unnecessary to consider other contentions of the parties.

Section 9820, supra, is the sole authority authorizing consolidation in this jurisdiction. We think the trial court was correct in granting the motion for new trial.

The order is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and ADAIR concur.

Rehearing denied December 21, 1943.